In the Matter of JAMES McCAULEY LANDIS (Admitted as JAMES M. LANDIS), an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, July 9, 1964.

*Raymond P. Whearty* of counsel (*John J. Bonomi*, attorney), for petitioner.

*Edward N. Costikyan* of counsel (*John Lyon* and *Roy Schotland* with him on the brief; *Paul, Weiss, Rifkind, Wharton & Garrison*, attorneys), for respondent.

*Per Curiam.* Respondent was admitted to the Bar of this State in 1949. His brilliant career in public service in many varied and important posts, and his accomplishments, especially in the fields of preparing and drafting remedial legislation and administering the agencies created to implement the legislation, are too well known to require mention. So also was his tenure as dean of one of the outstanding law schools of the Nation.

On August 2, 1963, respondent pleaded guilty to five counts of an information charging him with failure to file income tax returns for the years 1956–1960, in violation of section 7203 of title 26 of the United States Code. He was sentenced on each of the first three counts to a sentence of 30 days to be served concurrently, received a sentence of six months on each of the last two counts, sentence suspended, and was placed on probation for one year. The crime charged is a misdemeanor. Respondent served the sentence. He has also filed the tax returns and paid the tax.

The Association of the Bar, through the Grievance Committee, has charged respondent with professional misconduct within the meaning of subdivision 2 of section 90 of the Judiciary Law, consisting of violations of canons 29 and 32 of the Canons of Professional Ethics. These canons respectively enjoin upon attorneys the requirement of upholding the honor and dignity of the legal profession and observance of statute law.

Respondent admits the conviction and the facts underlying it. His contention is that these facts do not show him to be unfit to be a member of the Bar. He contends that his failure to file the required returns resulted from absorption in the affairs of his clients and his public activities, plus several trying personal experiences, and a psychiatric condition of com-

pulsive procrastination which found expression in this particular way.

The learned Referee, in a particularly understanding report, found that while respondent was absorbed in the many activities in which he engaged and was subject to the distracting influences to which he testified, he, nevertheless, was generally aware of his obligations in regard to filing tax returns and that his failure was not excused by these factors. As to the compulsive effect of respondent's psychiatric condition, the Referee found that it was not of a sufficient degree to constitute an impediment to respondent's ability to practice law( as respondent contended) and so, a fortiori, does not rebut the inference of professional misconduct.

With these findings we are in accord.

We also agree with the findings that no intent to deceive or defraud is involved. This, however, is no element of the crime involved, which, unless sufficiently excused, establishes professional misconduct. It is, however, a matter deserving of consideration on the question of the appropriate sanction. Taking that factor into consideration, as well as the others set out above, we conclude that suspension for a period of one year would be appropriate.

Respondent should be suspended for a period of one year.

Botein, P. J., McNally, Stevens, Eager and Steuer, JJ., concur.

Respondent suspended for a period of one year.