STATE BAR OF MICHIGAN *v.* LAVAN

OPINION OF THE COURT

1. ATTORNEY AND CLIENT — SUSPENSION AND DISBARMENT — MIS-
CONDUCT — DISCIPLINE — APPEAL AND ERROR — DE NOVO REVIEW.
Upon *de novo* review of the evidentiary record, the Michigan
Supreme Court finds that the misconduct of an attorney found
by a circuit court panel of three judges sitting *en banc* in
proceedings to discipline the attorney was fully substantiated
by the record and finds no cause to substitute the judgment
of the Supreme Court of appropriate discipline for that of
the Special Grievance Committee of the State Bar of Michigan
and the panel of circuit judges.

2. COSTS—DISCIPLINE OF ATTORNEY—PUBLIC CONCERN—REIMBURSE-
MENT OF EXPENSES.
No costs are awarded in appeal from the judgment of a specially
constituted circuit court panel of three judges sitting *en
banc*, as the circuit court order for reimbursement of expenses
is sufficient and review of discipline of a member of the Bar
is a matter of public concern.

DISSENTING OPINION

T. G. KAVANAGH, J.

3. ATTORNEY AND CLIENT — SUSPENSION AND DISBARMENT — REIM-
BURSEMENT OF EXPENSES — JUSTICES OF THE PEACE.
*An attorney should be censured only and directed that he reim-
burse the Michigan State Bar for its expenses in disciplinary
proceedings against him as altogether his actions did not
amount to misconduct or warrant suspension of his license to
practice law for one year and until the further order of the*

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Attorneys at Law §§ 26–31.
[2] 5 Am Jur 2d, Appeal and Error § 1009.
[3] 7 Am Jur 2d, Attorneys at Law § 12 *et seq.*

*court, absent proof of loss to the public or damages to in-
dividuals, where the record established only that he failed to
comply with statutory bookkeeping requirements and the pre-
scribed manner of delivering the records of his office of
justice of the peace to his successor in that office (MCLA §§
600.7925, 774.26c, 774.48).*

Appeal from Livingston, John X. Theiler, James
P. Churchill, and James J. Kelley, Jr., JJ., and
from Court of Appeals prior to decision. Sub-
mitted October 9, 1970. (No. 18 October Term 1970,
Docket No. 52,623.) Decided May 3, 1971.

Disciplinary proceedings against Martin Patrick
Brian Lavan. Order entered suspending defendant
from practicing law in this state for one year and
until the further order of the court and requiring
defendant to reimburse the State Bar of Michigan
for expenses incurred by reason of the proceedings.
Defendant appealed to the Court of Appeals. The
State Bar of Michigan cross-appealed to the Court
of Appeals and petitioned the Supreme Court for
leave to appeal prior to decision by the Court of
Appeals. Leave granted. Affirmed.

*Chris M. Youngjohn* and *Eugene N. LaBelle,* for
the State Bar of Michigan.

*Lizza & Mulcahy (Stanley E. Beattie,* of counsel),
for defendant.

T. E. BRENNAN, J. On November 18, 1968, Ar-
mand D. Kunz, then State Grievance Administrator
of the State Bar of Michigan, filed a formal com-
plaint with the State Bar against Martin P. B.
Lavan, the respondent.

The complaint alleged that respondent is an attor-
ney, duly licensed to practice law in this state on
December 24, 1965, and that the respondent had

held the office of justice of the peace for the City
of Brighton in Livingston County from April 12,
1965, until on or about January 5, 1967.

The complaint further alleged that, during the
time that respondent was both an attorney at law
and a justice of the peace, he committed acts of
misconduct warranting professional discipline.

It also claimed that from January of 1967, and
continuing until the date of the formal complaint,
the respondent had violated certain statutes of the
state respecting his duty to turn over to his successor
in office all files, records and money which he had
in his possession as justice of the peace.

The issue thus having been joined between the
Bar and the respondent, the matter was referred,
under the applicable court rules, to a grievance
committee, designated "Special Grievance Commit-
tee No. 10."

Extensive hearings were held before the griev-
ance committee, which consisted of seven members of
the Bar. On June 20, 1969, the committee filed its
report. The committee concluded that the respond-
ent had been guilty of violation of several statutes,
both as an attorney and as a justice of the peace.
The committee concluded that these acts constituted
misconduct and were actions committed by a member
of the Bar contrary to and prejudicial of the proper
administration of justice, and that the actions of the
respondent had been contrary to justice, ethics and
honesty and exposed the legal profession and the
courts to obloquy, contempt, censure and reproach.

The certified report of Special Grievance Com-
mittee No. 10 concluded with these recommenda-
tions:

"1. The license to practice law in this state of Re-
spondent, Martin P. B. Lavan, be suspended for a
period of one year and that he not be reinstated until

such time as he has fully and completely demonstrated to the Court that he is eligible for reinstatement under the provisions of Rule 14, Section 3 of the Supreme Court Rules Concerning the State Bar of Michigan.

"2. Respondent, Martin P. B. Lavan, be required by order of the Court to pay to the State Bar of Michigan the sum of $4,177.87 being the expenses of the State Bar of Michigan in connection with the hearing of this matter."

Upon certification by the State Bar Commissioner for the second congressional district, the report of the committee was filed in the circuit court for Livingston County. Pursuant to court rule, the circuit judge issued an order to show cause, directing the respondent to appear on the 15th day of July, 1969, and show cause why the certified report should not be approved, confirmed and adopted, and why an order for discipline should not be entered as recommended therein.

In accordance with the former practice, a panel of three circuit judges was assigned to hear the matter upon the return of the order to show cause. Briefs were filed, and oral arguments heard.

On August 28, 1969, the three-judge panel filed its opinion and order, containing an exhaustive review of the record made before the grievance committee, and concluding as follows:

"DECISION

"In the foregoing development, we have set forth our opinion that certain findings of the Committee were supported by the record and that in some instances the matters so found established misconduct.

"It is further our opinion that the misconduct was of such nature that it requires disciplining of the Respondent. As to the failure to maintain a sep-

arate account which resulted in commingling of public monies with his own, this is a serious matter. The record clearly establishes that this resulted in his use of the account in such a manner that he may have been using public monies for private purposes. This is not charged or established, but his conduct was such that very serious defalcation could easily have occurred. On his behalf it is argued that neither private individuals nor the public suffered any loss. We do not know whether this is true. If true, however, it was not because Respondent complied with a statutory provision that would have assured that there be no such loss if its requirements had been met. Moreover, the fact of there having been no loss would not disestablish misconduct, but rather should be considered in determining the extent of discipline.

"It was further established that he failed to turn over properly the records of his office. As a result speculation occurred as to whether there were serious improprieties. Again, none were charged or found, but, had proper procedures been followed, the occasion for such speculation would not have been present.

"There has been established a failure to account properly for public monies. Again, the Committee made no charge or findings that this resulted in loss to the public or to private persons. But the failure to properly follow procedures again raised the specter of such improprieties.

"Having determined that discipline is required, the rule restricts our alternatives to two: suspension or disbarment. The former is recommended by the Grievance Committee. The latter was recommended by the Attorney for the State Bar. In this consideration, we have more latitude in examining the record, but again as to misconduct, we are limited to consideration of that charged and found by the Committee.

"The Rule gives us the following criteria: (Rule 15, Sec. 16)

" 'In fixing the degree of discipline the court shall consider the seriousness of the reported misconduct, and shall administer the discipline as a measure necessary for the protection of the public, the courts and the legal profession, and not as punishment for wrongdoing.'

"We are satisfied that those findings of the Committee which were supported by the record do not justify Respondent's disbarment, but rather that the rule-stated purpose of discipline will be served by suspension of his license.

## "DISCIPLINARY ORDER

"Respondent's license to practice law in this state is hereby suspended for a minimum period of one year and until the further order of the Court, with reinstatement thereafter to be permitted only after compliance with the provisions of the rule.

## "EXPENSES

"We are also mandated to make provision for reimbursement to the State Bar for its expenses incurred in these proceedings. (Rule 15, Subsection 32) Respondent objects that not all of the expenses resulted in charges being established and that considerable of the expense of the proceedings went to matters not established as misconduct. The line cannot be drawn that fine. The brush used was broad, broader than perhaps ordinary circumstances would have dictated. We find, however, no abuse of these proceedings. The submitted list of expenses is determined to be just.

"The rule requires more. It requires us to make provisions for this reimbursement. Unfortunately, we are limited in our knowledge required for the performance of this duty. For example, our knowledge of the Respondent's present resources are limited, and we can only speculate as to his future financial condition. Certainly the inability to prac-

tice his profession would seriously affect his ability to pay.

### "ORDER FOR EXPENSES

"It is ordered that Respondent make reimbursement of the sum of $4,177.87 to the State Bar of Michigan at the rate of $500.00 each year, beginning as of the date of this order, provided, that either the State Bar or the Respondent may petition the 44th Judicial Circuit Court, as it is regularly constituted, for additional relief, either to increase or to decrease payments as the facts then warrant, but not to cancel the obligation. In the event Respondent petitions for reinstatement, additional supplemental or substitute provisions may be made by the Court making disposition of such petition.

> (s)  John X. Theiler
>      Circuit Judge
> (s)  James P. Churchill
>      Circuit Judge
> (s)  James J. Kelley, Jr.
>      Circuit Judge"

By-pass appeal was permitted to this Court by order granting leave on November 20, 1969.

Respondent raises the following issues:

### "I

"Did (1) the Agreement made by Respondent with his successor, as he turned over to him certain Justice of the Peace books, records, files and other papers, and (2) the Agreement asserted by Respondent to have been made with his successor concerning transmittal of fines, bond monies and costs, and (3) the use made by Respondent of his Justice of the Peace bank account in taking therein and disbursing thereout both private and public funds, constitute misconduct and, further, misconduct war-

ranting discipline of twelve months suspension and imposition of $4,177.87 costs?

## "II

"Did the Circuit Judges err in ruling that, some misconduct having been found, they had no alternative other than to suspend or disbar?

## "III

"Did the Circuit Judges err in ruling that all costs incurred before the State Bar Committee ($4,177.87) should be repaid by Respondent-Appellant, despite the fact that these costs were in large part incurred in reference to charges which the State Bar either failed to prove or which the Circuit Judges dismissed?"

These three issues are essentially addressed to the fact-finding process at the grievance committee level, and the review *de novo* upon the record made by the panel of three circuit judges upon the order to show cause.

It is a scrupulous concern for fairness to an accused brother at the Bar which has lead this Court to embark upon a second *de novo* review of the evidentiary record in these proceedings.

Having done so, there is no occasion for us to detail the evidence in our reports.

The misconduct found by the circuit court panel sitting *en banc* was fully substantiated by the record. No serious challenge to those findings was made in the briefs or arguments submitted here. In fact, no serious dispute with the essentials of those findings can be found in the testimony of the respondent himself.

More importantly, we have been asked to substitute our judgment of appropriate discipline for

that of the recommending committee and the hearing panel.

We find no cause to do so. The judgment of the specially constituted circuit court for Livingston County is affirmed. No costs shall be awarded to this Court, the Court being of the view that the order below for reimbursement of expenses is sufficient, and that review of discipline of a member of the Bar is a matter of public concern.

T. M. KAVANAGH, C. J., and ADAMS, J., concurred with T. E. BRENNAN, J.

T. G. KAVANAGH, J. (*dissenting*). The record in this matter establishes only the fact that the respondent failed to comply with the bookkeeping requirements of the statute,[1] and the prescribed manner of delivering the records of his office of justice of the peace to his successor in that office.[2]

I agree that the proofs establish beyond peradventure that the respondent was negligent and imprudent and that he made serious mistakes in judgment, but I cannot subscribe to the conclusion that altogether his actions amounted to misconduct or warrant the penalty imposed.

Absent proof of loss to the public or damages to individuals, therefore, I would censure the respondent only and direct that he reimburse the State Bar for its expenses in this matter.

BLACK and SWAINSON and WILLIAMS, JJ., did not sit in this case.

[1] MCLA § 774.26c (Stat Ann 1971 Cum Supp § 28.1218[3]).—REPORTER.

[2] MCLA § 600.7925 (Stat Ann 1962 Rev § 27A.7925); MCLA § 774.48 (Stat Ann 1971 Cum Supp § 28.1237[3]).—REPORTER.