STATE BAR GRIEVANCE ADMINISTRATOR v GILLETTE

Docket No. 55391. Submitted March 4, 1975 (Calendar No. 13, June 1974).—Decided April 29, 1975.

Robert L. Gillette was found guilty of four counts of misconduct by a hearing panel and was suspended from the practice of law for 130 days. The State Bar Grievance Board reversed the panel as to count 1, sustained the findings as to the other three counts, and entered an order that respondent be suspended from the practice of law for one year. The Supreme Court remanded the matter to the Grievance Board for the purpose of setting forth reasons in support of the order which would impose a suspension for one year. On remand, the board's reasons for imposing the one-year penalty was that respondent's conduct was violative of DR 6-101(A)(3) and 7-101(A)(2), which provide that a lawyer shall not neglect a legal matter entrusted to him and that he shall not intentionally fail to carry out a contract of employment entered into with a client for professional services. *Held:*

1. The order of the board should descriptively identify acts of misconduct in such a way as to demonstrate the relationship of those acts to specific code provisions allegedly violated.

2. The board's order, lacking the specificity required imposed excessive discipline.

3. Only so much of the board's order as provides for suspension from the practice of law for 130 days is approved and affirmed.

ATTORNEY AND CLIENT—STATE BAR GRIEVANCE BOARD—SUSPENSION—MISCONDUCT.

An order of the State Bar Grievance Board which increases the discipline imposed by a hearing panel should descriptively identify acts of misconduct in such a way as to demonstrate the relationship of those acts to specific code provisions allegedly violated; an order which simply states that the facts proved, in its judgment, justify the imposition of much greater discipline

REFERENCE FOR POINTS IN HEADNOTE
7 Am Jur 2d, Attorneys At Law § 12 *et seq.*

than that ordered by the hearing panel is insufficient to support the increased discipline.

*Eugene N. LaBelle,* for the State Bar Grievance Administrator.

*James W. Bussard,* for respondent.

PER CURIAM. Respondent was found guilty of four counts of misconduct by the hearing panel and was suspended from the practice of law for 130 days. On review, the State Bar Grievance Board reversed the panel as to count 1, which alleged unprofessional conduct and neglect, sustained the findings as to the other three counts, and entered an order that respondent be suspended from the practice of law for one year. This Court remanded the matter to the Grievance Board "for the purpose of setting forth reasons in support of the order" which would impose a suspension for one year. *State Bar Grievance Administrator v Gillette,* 393 Mich 26; 222 NW2d 513 (1974).

On March 4, 1975, the Grievance Board filed with this Court an "order on remand". The portion of that order directly responsive to our order of remand stated, "[t]he Grievance Board determined that the patterns of conduct as demonstrated by the proofs were so violative of the charges of the complaint, especially Disciplinary Rule 6-101(A)(3) and Disciplinary Rule 7-101(A)(2), as to require the imposition of 'other discipline' ".

The board has simply stated that the facts proved, in its judgment, justify the imposition of much greater discipline than that ordered by the hearing panel. Respondent's conduct, as demonstrated by the proofs, was found to be particularly

violative of Disciplinary Rule 6-101(A)(3)[1] and 7-101(A)(2).[2] This statement alone, then, constitutes the board's "reasons" for imposing a penalty three times as great as that awarded by the hearing panel in the unusual circumstance where the board dismissed one of the four counts charged.

We are aware that a difference of opinion may result when the power of review is exercised by the board in ordering "other discipline"[3] and this Court in ordering discipline "as may be deemed appropriate".[4] The discipline ordered for respondent's misconduct which appears on the record may vary between the board and this Court because each of the reviewing bodies attaches a different degree of severity to identical misconduct. Realizing this, we continue to believe that where the award of discipline is increased, this Court, on review, and the practicing bar are entitled to and would benefit from the board's being required to descriptively identify acts of misconduct in such a way as to demonstrate the relationship of such acts to specific code provisions allegedly violated. Requiring such specificity provides requisite guidance as to the administration of code provisions and discourages decisional caprice.

The board's order lacking the specificity we earlier requested, and the time for decision being

---

[1] "A lawyer shall not neglect a legal matter entrusted to him."

[2] "A lawyer shall not intentionally fail to carry out a contract of employment entered into with a client for professional services, but he may withdraw as permitted under DR 2-110, DR 5-102, and DR 5-105."

[3] State Bar Rule 16, § 16.15 provides: "After hearing on the order to show cause, the board shall confirm, amend, reverse, or nullify the order of the hearing panel in whole or in part or order other discipline. The board shall file and serve its order on review the same as set forth for orders of hearing panels."

[4] State Bar Rule 16, § 16.23(h) provides: "The Supreme Court may make such order as may be deemed appropriate, including dismissal of the appeal or affirmance of the order appealed from. * * * "

at hand, we determine the discipline awarded by the board in this case excessive. Only so much of the board's order as provides for suspension from the practice of law for 130 days is approved and affirmed.

No costs, neither party having prevailed in full.

T. G. KAVANAGH, C. J., and SWAINSON, WILLIAMS, LEVIN, M. S. COLEMAN, and J. W. FITZGERALD, JJ., concurred.

The late Justice T. M. KAVANAGH took no part in the decision of this case.