STATE BAR GRIEVANCE ADMINISTRATOR v LEWIS

Docket No. 56046. Argued January 8, 1975 (Calendar No. 6).—Decided May 27, 1975. Rehearing denied 395 Mich 902.

Alphonse Lewis, Jr., an attorney, was convicted, upon his plea of nolo contendere, of willful failure to file a Federal income tax return. A state bar hearing panel ordered respondent, a first offender, suspended from practice of law for 130 days as discipline for that violation of Federal law, with 40 days credit against the 130-day suspension upon application for reinstatement. The State Bar Grievance Board affirmed the panel's finding and order of suspension, but removed the provision for credit. Respondent appeals. *Held:*

1. The proceedings were not erroneous nor was the penalty undue.

2. The credit for 40 days suspension is restored because the Grievance Board failed to articulate its reasons for increasing the penalty imposed by the hearing panel.

3. Former State Bar Rule 15.17 (now 16.17) which authorizes sanctions for conviction of crimes punishable by imprisonment for one year or more embraced Federal misdemeanors such as willful failure to file an income tax return which authorized imprisonment for one year.

4. State Bar Rule 15, § 2(5) provides for sanction of conduct resulting in conviction without regard to whether the conviction resulted from a trial or a plea, and that the plea was nolo contendere makes no difference.

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 4] 7 Am Jur 2d, Attorneys At Law § 51.

State court disciplinary action against attorney for Federal income tax evasion. 59 ALR2d 1398.

[2] 7 Am Jur 2d, Attorneys At Law § 50.

What amounts to conviction or satisfies requirement as to showing of conviction, within statute making conviction a ground for refusing to grant or canceling license or special privilege. 113 ALR 1180.

Plea of nolo contendere or non vult contendere. 89 ALR2d 540.

[5, 6] 7 Am Jur 2d, Attorneys At Law § 12 *et seq.*

5. That the hearing panel required corroboration of respondent's testimony on mitigation and did not find mitigation which absolved him was the expression of a lack of persuasion by whatever evidence was offered; that is the fact finder's privilege.

1. ATTORNEY AND CLIENT—STATE BAR RULES—MISDEMEANORS—FAILURE TO FILE INCOME TAX RETURN.

The State Bar Rule which authorizes sanctions for conviction of a number of crimes punishable by imprisonment for one year or more embraces Federal misdemeanors such as willful failure to file an income tax return which authorizes imprisonment for one year (26 USC 7203; State Bar Rule 16.17).

2. ATTORNEY AND CLIENT—STATE BAR RULES—NOLO CONTENDERE.

The State Bar Rules provide for sanction of conduct of a member resulting in conviction of crime without regard to whether the conviction resulted from a trial or a plea; that the plea was nolo contendere makes no difference (State Bar Rule 15, § 2[5]).

3. ATTORNEY AND CLIENT—DISCIPLINE—SUSPENSION—FAILURE TO FILE INCOME TAX RETURN.

Suspension from the practice of law for 130 days minus 40 days credit for willful failure to file a Federal income tax return is not an excessive sanction of even a first offender (26 USC 7203).

4. ATTORNEY AND CLIENT—MISCONDUCT—FAILURE TO FILE INCOME TAX RETURN—HARMLESS ERROR.

The State Bar Rules authorize sanctions for conduct of a member resulting in a conviction of crime so any error committed by a grievance panel in regard to whether or not a conviction of willful failure to file a Federal income tax return is proof of conduct that is prejudicial to the proper administration of justice, that exposes legal profession or the courts to obloquy, contempt, censure, or reproach, or that is contrary to justice, ethics, honesty, or good morals is harmless (State Bar Rules 15, § 2[1]–[3], [5]).

5. ATTORNEY AND CLIENT—HEARING PANEL—CORROBORATION—EVIDENCE.

A State Bar Grievance Board hearing panel's requiring corroboration of a respondent's testimony and failure to find mitigation which absolved the respondent was not error but rather the expression of a lack of persuasion by whatever evidence was offered.

6. ATTORNEY AND CLIENT—STATE BAR GRIEVANCE BOARD—HEARING
PANEL—SUSPENSION.

Credit for 40 days suspension from practice of law is restored
where a State Bar Grievance Board hearing panel ordered
respondent suspended from practice for 130 days minus 40 days
credit and the board removed the provision for credit without
articulating its reasons for increasing the penalty imposed by
the hearing panel.

*Eugene N. LaBelle,* for the State Bar Grievance
Administrator.

*Stuart J. Dunnings, Jr.,* and *Alphonse Lewis, Jr.,
in propria persona,* for respondent.

T. G. KAVANAGH, C. J. Respondent was ordered
suspended from the practice of law for 130 days as
a discipline for violation of 68A Stat 851–852
(1954), 26 USCA 7203—willful failure to file an
income tax return. His conviction of that offense
was based upon his plea of nolo contendere.

The hearing panel's order provided that respon-
dent should be given 40 days credit against the
130-day suspension upon application for reinstate-
ment. The State Bar Grievance Board affirmed the
panel's finding and order of suspension, but re-
moved the provision for credit.

This appeal makes six assertions of error:

I. Former § 15.17 of the Procedural and Admin-
istrative Rules of the State Bar Grievance Board[1]
does not apply to a Federal misdemeanor.

II. A plea of nolo contendere may not be treated
as an admission of conduct.

III. Discipline for a first offender for violation of
a statute not previously construed is fundamen-
tally unfair.

[1] Former State Bar Rule 15, which these rules supplement, was
renumbered as Rule 16 on January 12, 1972, 386 Mich lxxiii. The
procedural rule formerly numbered § 15.17 is now § 16.17—REPORTER.

IV. The hearing panel's conclusion that conviction of a misdemeanor is proof of misconduct proscribed in State Bar Rule 15, § 2, subsections (1), (2) and (3), is not supported by the record, for the question was neither raised nor argued.

V. The hearing panel erred in requiring corroboration of respondent's testimony.

VI. The evidence produced by respondent amounted to mitigation as a matter of law which absolved respondent.

We find no error warranting disturbance of the Grievance Board's conclusion.

*State Bar Grievance Administrator v Lewis,* 389 Mich 668; 209 NW2d 203 (1973), controls disposition of most of the assignments of error.

Rule 16.17, which authorizes sanctions for conviction of crimes punishable by imprisonment for one year or more, embraces Federal misdemeanors such as this 26 USCA 7203 which authorizes imprisonment for one year, and accordingly we find no merit in respondent's first assertion of error.

State Bar Rule 15, § 2(5), provides for sanction of conduct resulting in conviction without regard to whether the conviction resulted from trial or plea. As we held in *Lewis, supra,* there is no merit in this, respondent's second charge of error.

Regarding respondent's third assertion, we are not convinced of unfairness in a procedure allowing for discipline of even a first offender for there has to be some beginning. A prior spotless record and the fact (conceded *arguendo)* that no one else had been punished for violation of a particular statute are matters to be weighed in assessing the penalty. We do not find the sanction here excessive.

Whether or not the conviction is proof of misconduct as argued in the fourth assertion, Rule 15,

§ 2(5), as stated above, authorizes sanction for the conviction, so that any error on this point is harmless. See *Lewis, supra.*

The fifth and sixth charges of error both touch on the evidence of mitigation and the weight assigned it by the hearing panel.

We see no rulings of law with regard to this in the panel's conclusion, but rather the expression of a lack of persuasion by whatever evidence was offered. This is the fact finder's privilege.

From our examination of the whole record, we are not persuaded that the proceedings were erroneous or the penalty undue. But because the Grievance Board has failed to articulate its reasons for increasing the penalty imposed by the hearing panel, we restore the credit for 40 days suspension removed by the Grievance Board, lest we be seen to approve a practice bound to discourage appeals granted as a matter of right. State Bar Grievance Administrator v Gillette, 394 Mich 1; 228 NW2d 220 (1975).

Affirmed as modified. No costs.

WILLIAMS, LEVIN, M. S. COLEMAN, and J. W. FITZGERALD, JJ., concurred with T. G. KAVANAGH, C. J.

SWAINSON, J., and the late Justice T. M. KAVANAGH took no part in the decision of this case.