STATE BAR GRIEVANCE ADMINISTRATOR v RUEBELMAN

Docket No. 59794. Argued January 4, 1978 (Calendar No. 6).—Decided May 1, 1978.

The State Bar Grievance Board suspended Carl R. Ruebelman from the practice of law for 60 days and until the closing of a certain estate in the Wayne County Probate Court. The respondent appeals, arguing that there was no factual support for the penalty imposed, that the board imposed additional penalties through an amended order of discipline without stating reasons, and that the amended order is void for uncertainty. *Held:*

A review of the record supports the conclusion that the respondent's suspension is warranted by the facts and is not excessive. The language of the State Bar Grievance Board's opinion satisfies the requirement that the board specify the acts of misconduct that are the basis for the order to provide guidance in the administration of the Code of Professional Responsibility. It is not necessary that the order of discipline contain a specific date on which the respondent's suspension from the practice of law shall end. The order, which refers to the closing of the specific estate which the respondent was found to have neglected, indicates with sufficient definiteness the time at which the suspension will be removed. The order of discipline will take effect 30 days after the date this opinion is released.

Chief Justice Kavanagh and Justice Levin dissented. The amended order increased the penalty and was so intended, but the board's explanation does not articulate the reasons for the increase. The additional period "until the estate shall be closed" is of questionable propriety because it is not within the exclusive control of the respondent and might result in an unwarranted extension of the suspension.

Affirmed.

*Louis Rosenzweig,* Counsel to State Bar Grievance Administrator.

*Parenti & Treinen, P.C.,* for respondent.

PER CURIAM. Carl R. Ruebelman appeals from the decision of the State Bar Grievance Board which ordered him suspended from practice for 60 days and until the closing of a Wayne County Probate Court proceeding. Mr. Ruebelman does not contend on this appeal that there is inadequate support in the record for the board's conclusions finding violations of the Code of Professional Responsibility:

"The respondent, Carl R. Ruebelman, was appointed administrator *de bonis non* of the estate of Eva V. Litchfield on March 17, 1971. The principal asset of the estate was a house on Geneva Avenue in the City of Highland Park. From the time of respondent's appointment as administrator until the date of hearing on the appeal the respondent took no action toward filing an account or closing the estate. During that period of over six years he took no steps to protect the property, and as a consequence it was vandalized. His failure to pay taxes led to the loss of the property to the state for nonpayment of taxes. No effort was made by him to redeem from the state until the date of the hearing on this appeal, when he obtained a redemption by paying the taxes, interest and penalty. The conduct of the respondent constitutes gross negligence in the handling of his client's interests and conduct prejudicial to the administration of justice."

Instead, Mr. Ruebelman contends that there was no factual support for the penalty imposed, that the board's amended order of discipline imposed additional penalties without stating the reasons for their imposition, and that the amended order of discipline is void for uncertainty.

As to the severity of the sanction imposed, we have reviewed the record of this proceeding and have concluded that the suspension is warranted by the facts and is not excessive. *State Bar Griev-*

*ance Administrator v Posler,* 393 Mich 38; 222 NW2d 511 (1974); *State Bar of Michigan v Daggs,* 384 Mich 729; 187 NW2d 227 (1971).

The order of discipline by the hearing panel suspended appellant for a period of 60 days and assessed costs. The board amended the period of suspension to 60 days and until the closing of the estate involved. Mr. Ruebelman argues that the board did not state its reasons for increasing the suspension by the addition of the requirement that the estate be closed before the suspension should end. We believe that the language quoted above from the board's opinion satisfies our requirement that the board specify the acts of misconduct that are the basis for the order to provide guidance in the administration of code provisions. *State Bar Grievance Administrator v Gillette,* 394 Mich 1, 3; 228 NW2d 220, 222 (1975).

Mr. Ruebelman further claims that since the suspension order is effective until the closing of the estate the penalty assessed is void for uncertainty. It is not necessary that the order contain a specific date on which its effect shall end. *State Bar of Michigan v Lavan,* 384 Mich 624; 186 NW2d 331 (1971). The amended order of discipline states that appellant's license to practice is:

"[H]ereby suspended for a period of 60 days and until the Estate of Eva V. Litchfield, being Probate Court File #602,803 shall be closed, and, an order entered by the probate judge closing said file."

That order indicates with sufficient definiteness the time at which the suspension will be removed.

The amended order of discipline entered May 2, 1977 by the State Bar Grievance Board is affirmed, that order to take effect 30 days after the date this opinion is released.

Costs to appellee.

WILLIAMS, COLEMAN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.

KAVANAGH, C.J. *(dissenting)*. The hearing panel fixed discipline at a suspension "for a period of sixty (60) days". The board amended the order to add "and until the estate shall be closed".

There can be little question that this is an increased penalty and was so intended. The only question is whether the board's explanation articulates reasons for it as required by *State Bar v Gillette,* 394 Mich 1; 228 NW2d 220 (1975), and *State Bar v Lewis,* 394 Mich 224; 229 NW2d 316 (1975).

The board said:

"The hearing panel assessed discipline of 60 days suspension. Upon the hearing of the appeal, the assurances of respondent and his counsel that steps would promptly be taken to close the estate, the Grievance Board amends the order of suspension for 60 days and until the estate shall be closed."

I am not satisfied that this statement gives reasons for the increased penalty as required by *Gillette* and *Lewis.*

Had the board intended to increase the penalty for respondent's failure to keep some promise made at the time of or subsequent to the panel's determination, it should have brought new charges.

For the reasons set forth in *Gillette* and *Lewis,* I would reinstate the panel's disciplinary order.

The additional period "and until the estate shall be closed" is of questionable propriety. Such addi-

tional period is not exclusively within the control of the respondent and might result in an unwarranted extension of the suspension.

LEVIN, J., concurred with KAVANAGH, C.J.