**In the Matter of the Suspension of Dean W. CLARK from the Practice of Law.**

**D-6.**

Supreme Court of Wyoming.

July 10, 1980.

Joseph H. Thibodeau, Denver, for respondent.

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER OF SUSPENSION

PER CURIAM.

This matter came on for hearing before the court upon the findings, order and recommendations of the Grievance Committee, Wyoming State Bar, dated May 16, 1980 and filed herein May 19, 1980. After notice was given to respondent of his right of personal appearance prior to the entry of any order by this court, he personally appeared before this court, together with his counsel, Joseph H. Thibodeau, Esq., a member of the Colorado Bar, specially admitted to practice before this court for the purposes of this disciplinary hearing. The court has considered the recommendations contained in the order of May 16, together with the record of the proceedings, the oral presentation by respondent and a written memorandum thereafter presented in his behalf, and now makes the following Findings of Fact, Conclusions of Law and Order of Suspension:

*Findings of Fact*

1. Dean W. Clark was admitted to the bar of this court on July 27, 1959 and since that time has been and now is a member of the Wyoming State Bar.

2. On April 22, 1980, in criminal proceedings in the United States District Court for the District of Wyoming, and after entry of plea of nolo contendere to the charges therein involved, respondent was duly convicted in said court upon three counts of violation of Title 26, United States Code, § 7203, namely, willful failure to file federal income tax returns for the years 1977, 1978 and 1979. Said § 7203 provides that any person who shall willfully fail to file such return shall be guilty of a misdemeanor and upon conviction shall be fined not more than $10,000 or imprisoned not more than one year, or both, together with the costs of prosecution.

3. By the judgment entered in said federal district court, respondent was fined $500 on each of the three counts and placed on probation under the supervision of that court for two years, special conditions of the probation being that respondent should file returns for the years omitted and pay all back taxes, interest and penalties as determined by the Internal Revenue Service.

4. Following receipt by this court of notification of such conviction, this court on April 25, 1980 entered its order suspending respondent from the further practice of law and referring the matter to the Grievance Committee, Wyoming State Bar, for formal

disciplinary proceedings as required by Rule X, Disciplinary Code of the Wyoming State Bar.

5. At a hearing before the committee after due and proper notice, respondent personally appeared with counsel, witnesses in his behalf were heard by the committee and the testimony transcribed in writing, a copy of which is on file with this court. At such hearing no attempt was made to deny the validity of the conviction or the factual basis upon which the federal charges had been predicated. Respondent frankly admitted the nonfiling and that he was aware of the statute and its requirements. Evidence proffered in his behalf related to the question of mitigation and the punitive action which the committee should recommend to this court.

■ 6. The committee, after hearing respondent's presentation and considering the evidence presented, has recommended to this court that respondent be suspended from the practice of law in the State of Wyoming for a period of 60 days from April 25, 1980, the date of the original order of suspension entered in this court. Such recommendation is regularly made in compliance with the provisions of Rule V, Disciplinary Code, which provides in pertinent part that if the committee finds the charges proved by "substantial, clear, convincing, and satisfactory evidence, it shall recommend discipline and the extent thereof . . ." Regrettably, no specific findings of fact or conclusions are contained in the order of the committee except the fact of conviction upon the federal charges. However, it is evident that the committee conducted the hearing mainly as one concerned with the punishment that should be meted out by this court and after consideration of all the evidence has attempted to give effect to all mitigating circumstances. While we would have preferred further advice from the committee as to the factual basis for its recommendation, we do not feel it necessary to remand the matter for further findings. The ultimate responsibility as to the penalty to be imposed rests with this court and we make the following additional findings:

a. Respondent knew that he was required to file such returns and his failure to do so was at his own election, not resulting from physical or mental infirmity or illness or from conditions beyond his control.

b. Prior to being contacted by agents of the Internal Revenue Service respondent had sought advice from an accountant practicing in the tax field and told him of his failure to file, promised to deliver to that accountant papers necessary for the preparation of proper returns, but failed to follow through with his intentions. He later sought further advice and was again advised to bring in the necessary papers and again failed to do so.

c. After investigation by the Internal Revenue Service was commenced respondent fully cooperated with its agents and has made full disclosure of his financial records to the best of his ability. Respondent has indicated every intention of complying with the probation order of the United States District Court and there is nothing in the record to indicate that he is in default in such performance.

d. During the period in question respondent was engaged in the practice of law in Green River, Wyoming, both in private practice and as attorney for the Town of Green River. The city at that time was involved in numerous problems resulting from boom conditions and respondent devoted much time to those problems. According to testimony of a friend and former associate in the law practice, respondent was generous with his time to his clients, worked hard to take care of their problems, and paid little attention to his own financial matters. According to lay persons with whom he had regular contact he was conscientious in attending to the problems of others, was readily available for consultation, and worked long hours. There is no evidence in the record that he has been derelict in the representation of his clients' interests.

e. During this period of time respondent's wife was undergoing serious health problems, causing considerable mental

stress to respondent and at times necessitating hospitalization of the wife. Respondent, as husband and father of three children of the marriage in elementary school, was involved in their care and supervision to a much greater extent than is required of the usual husband and father.

f. During the period in question taxes were being withheld from respondent's compensation by the Town of Green River and paid to the Internal Revenue Service. During a part of this time information returns were filed by a partnership in which respondent was a member, indicating respondent's share of the partnership income. Respondent had previously filed income tax returns and the years 1976, 1977 and 1978 appear to be the only years for which he did not file returns. It thus appears that there has been no active course of concealment by respondent.

g. The amount of taxes that were not paid was not great, but respondent's derelictions as an attorney of this state are not to be judged upon that basis.

h. The record is devoid of any evidence that respondent's failure to file returns was the result of a specific intent to cheat or defraud the government or to evade payment of such taxes. He was aware of the obligation and intended at some time to file returns and make payment.

i. Respondent's failure to file such returns was willful in the sense that he knew that he was required to file returns and deliberately failed to do so.

j. Respondent's difficulties with the Internal Revenue Service have been well publicized and have resulted in great mental anguish and suffering on his part. This was evident both to the committee and to this court at his personal appearance.

k. Respondent is 53 years of age and has been engaged in the practice of law since 1959. He is not a wealthy man, has no other professional or business interests, and he and his family are dependent upon his professional fees as an attorney for their living.

## Conclusions of Law

1. Rule X, Disciplinary Code for the Wyoming State Bar heretofore adopted by this court, provides in pertinent part as follows:

"Rule X. Attorneys convicted of serious crimes.

"(a) Upon the filing with this court of a certificate demonstrating that an attorney has been convicted of a serious crime as hereinafter defined, this court shall enter an order immediately suspending the attorney, whether the conviction resulted from a plea of guilty or nolo contendere or from a verdict after trial or otherwise, and regardless of the pendency of an appeal, pending final disposition of a disciplinary proceeding to be commenced upon such conviction.

"(b) The term 'serious crime' shall include any felony and any lesser crime a necessary element of which, as determined by the statutory or common law definition of such crime, involves moral turpitude, interference with the administration of justice, false swearing, misrepresentation, fraud, willful failure to file income tax returns, deceit, bribery, extortion, misappropriation, theft, or an attempt or conspiracy or solicitation of another to commit a 'serious crime'."

2. Although counsel has argued that commission of the offense of which respondent has been convicted is frequently handled by the Internal Revenue Service as a civil matter, we cannot ignore the conviction of an offense specifically declared by Rule X of the Disciplinary Code to require disciplinary action.

3. Respondent is guilty of willful failure to file income tax returns within the purpose and meaning of Rule X, Disciplinary Code and the only question is what disciplinary action shall be taken by this court.

4. As said in *In re Rohan*, 21 Cal.3d 195, 145 Cal.Rptr. 855, 859, 578 P.2d 102, 106 (1978):

"An attorney as an officer of the court and counselor at law occupies a unique position in society. His refusal to obey the law, and the bar's failure to discipline him for such refusal, will not only deme-

an the integrity of the profession but will encourage disrespect for and further violations of the law."

and as said in that same case by Acting Chief Justice Tobriner in a concurring opinion, 145 Cal.Rptr. at 860, 578 P.2d at 107:

> "The purpose of State Bar disciplinary procedure is 'to ensure that the public, the courts, and the professions are protected against unsuitable legal practitioners.' (*In re Higbie* (1972) 6 Cal.3d at p. 570, 99 Cal.Rptr. at p. 869, 493 P.2d at p. 101; * * *.)"

In the course of passing upon the penalty that should be imposed for failure to file federal tax returns, the Court of Appeals of Maryland said in *Attorney Grievance Commission of Maryland v. Walman*, 280 Md. 453, 374 A.2d 354, 361 (1977), quoting from *Maryland State Bar Association v. Agnew*, 271 Md. 543, 318 A.2d 811, 814 (1974):

> " 'A Court has the duty, since attorneys are its officers, to insist upon the maintenance of the integrity of the bar and to prevent the transgressions of an individual lawyer from bringing its image into disrepute. Disciplinary procedures have been established for this purpose, not for punishment, but rather as a catharsis for the profession and a prophylactic for the public.' "

5. Disciplinary action taken in other jurisdictions involving failure to file income tax returns varies considerably. In a number of cases from the Supreme Court of New York, Appellate Division, the court has imposed only a censure, see *Matter of Wolk*, 61 A.D.2d 691, 403 N.Y.S.2d 737 (1978), where it appeared that respondent had an otherwise satisfactory record during 23 years of practice, that he had been beset by personal problems and there was no dishonesty in the sense of filing a false return. In other cases three months suspension has been imposed, see *In re Romas*, 71 A.D. 969, 419 N.Y.S.2d 793 (1979). In *In re Landis*, 21 A.D.2d 488, 251 N.Y.S.2d 139 (1964), respondent, who had been a member of the New York Bar for 15 years, had a "brilliant career in public service," had been active in administrative law and been "dean of one of the outstanding law schools of the nation," contended he was not unfit to be a member of the bar and that absorption with public affairs, several trying personal experiences and "a psychiatric condition of compulsive procrastination," excused his failure to file income tax returns for five years. The court found that no intent to deceive or defraud was involved and concluded that suspension for one year was proper.

Courts from other states have imposed public reprimand, *Cincinnati Bar Ass'n v. Leroux*, 16 Ohio St.2d 10, 242 N.E.2d 347 (1968); two months suspension, *In re Ford's Case*, 102 N.H. 24, 149 A.2d 863 (1959); indefinite suspension, *In re Ray*, 264 S.C. 292, 214 S.E.2d 328 (1975); 130 days suspension, *In re Lewis*, 394 Mich. 224, 229 N.W.2d 316 (1975); six months suspension, *Committee on Professional Ethics and Conduct of the Iowa State Bar Association v. Louden*, Iowa, 209 N.W.2d 359 (1973); and three years suspension, *Attorney Grievance Commission of Maryland v. Walman*, supra.

6. Upon full consideration of the mitigating factors disclosed in the record and bearing in mind the respect that this court pays to the recommendations of the grievance committee, the fact that the record discloses no failure upon the part of respondent properly to represent the interests of his clients, and the need of the respondent to earn his livelihood through the practice of law, but balancing those considerations with the purpose of disciplinary proceedings not only to protect the public from unsuitable practitioners but maintain the dignity and integrity of the bar, we conclude that respondent should be suspended from the practice of law in this state for a period of six months.

*Order of Suspension*

It is therefore the order of this court that Dean W. Clark be suspended from the practice of law for six months, such suspension to run from April 25, 1980, the date of first suspension.