STATE BAR GRIEVANCE ADMINISTRATOR v GILLETTE

Attorney and Client—State Bar Grievance Board—Suspension.
    The State Bar Grievance Board has the power to increase the
    period of suspension ordered by a hearing panel, but where a
    portion of the panel's findings of misconduct is reversed, yet the
    penalty is increased, the order for discipline should set forth
    reasons supporting the imposition of a more severe penalty.

Appeal from State Bar Grievance Board. Submitted June 7, 1974. (No. 13 June Term 1974, Docket No. 55,391.) Decided October 30, 1974.

Disciplinary proceedings against Robert L. Gillette. Order entered suspending respondent from practicing law for one year. Respondent appeals. Remanded to State Bar Grievance Board for specification of reasons for order of discipline.

*Eugene N. LaBelle,* for the State Bar Grievance Administrator.

*James W. Bussard,* for respondent.

J. W. Fitzgerald, J. The major issue in this appeal from an order of the State Bar Grievance Board is whether the board was justified in increasing to one year a suspension from the practice of law over the previous 130-day suspension ordered by the hearing panel. Such increased penalty, respondent states, "was arbitrary, capricious, and unjudicious—without proper reason."

Reference for Points in Headnote
7 Am Jur 2d, Attorneys at Law §§ 12–20, 60–72.

A lengthy recital of the hearings conducted would serve little purpose. Indeed, more than 200 pages of testimony and many hours on the parts of all parties resulted in a thorough examination of the facts lying behind the complaint. To summarize, the events in the Ottawa County Probate Court resulted in a formal complaint being filed against defendant on November 15, 1972 consisting of three counts, a fourth subsequently being added by an amended complaint. All counts alleged violations of the Michigan Standards of Conduct, the Code of Professional Responsibility, and the Canons of Professional Ethics. The common thread throughout the four counts asserted incompetence and neglect which was prejudicial and contrary to justice, ethics, and good morals, exposing thereby the court to obloquy, contempt, censure, and reproach. Count 1 alleged unprofessional conduct and neglect in representing Mary Allen, surviving spouse of Vernon Allen. Specific charges included failure to advise Mrs. Allen that she was entitled to widow's allowance, advising Mrs. Allen that she was *required* to purchase the decedent's automobile and burial plot from the estate, commingling of estate funds with his own, and failure to file an annual inventory and accounting.

Count 2 alleged misconduct in representing the estate of John and Marion Norton. Defendant was charged with commingling of funds, failure to distribute funds to the guardian of the deceased couple's child and other surviving heirs, and failure to file an annual inventory and accounting.

Count 3 alleged misconduct in representing the estate of Fred VanderWagen. Included were failure to file an annual inventory and accounting from 1963 through 1967 and failure to reimburse the State of Michigan for sums received on behalf of the estate.

An amended complaint incorporated the first three counts by reference and added a fourth count, alleging that defendant's neglect was responsible for the court's exposure to contempt, censure, and reproach.

Defendant's answer denied each allegation brought under count 1, offering explanations which arguably counter all allegations. As to count 2, defendant stated he exhausted every effort to locate decedent's survivor. Moreover, because the estate was depleted by necessary expenses, there were no funds to be distributed. The allegation in count 3 that defendant failed to file an inventory was attributed to his inability to obtain information from the guardian of the estate who claimed all assets belonged to her. This situation was further compounded by defendant's undergoing major surgery. Defendant argued the probate court hearing resulted in an opinion that was both inconsistent with the facts and unjudicious in nature. As to count 4, defendant argued that the filing of the amended complaint is without authority.

A hearing panel heard the complaints charged pursuant to Rule 16, § 16.13 of the State Bar Rules, and found defendant guilty on all four counts. The panel issued an order of suspension from the practice of law for 130 days. On appeal, the State Bar Grievance Board reversed the hearing panel as to count 1, sustained the findings as to the other three counts, and determined that defendant should be disciplined by being suspended from the practice of law for a period of one year.

Defendant argues that no justification exists for increasing the period of suspension from 130 days to one year. It escapes defendant how the board,

after reviewing the whole record, can *increase* the penalty imposed when one of the four counts filed was dismissed. While defendant admits some probate matters were not handled properly or diligently, he states that these deficiencies were attributable in large measure to a severely ill child, personal health problems, and marital complications.

The State Bar Grievance Board does not believe it abused its discretion in suspending respondent from the practice of law for one year, an increase over the 130 days prescribed by the panel.

An exhaustive review of the record leaves the reader with more than a flavor of unprofessional conduct on respondent's part. *Inter alia,* there is credible testimony by court personnel and likewise judicial testimony that respondent not only failed to file accounts and inventories, but that he failed to respond to court order to file such accounts and inventories, that he failed to pay claims promptly, and maintained a bookkeeping system that failed to reflect the status of various probate funds. It appears that commingling estate funds with his own was never specifically proven.

Testimony by the Register of Probate estimated at 50 to 60 the number of estates requiring the sending of a form notice of delinquency in estate proceedings, these proceedings representing an aggregate inventory value of $756,524.96.

The exhaustive nature of the record leads us to the conclusion that respondent has had a complete review of his conduct. We are in agreement with the board's finding that professional misconduct by defendant occurred while representing the interests of his clients. It is clear that the board has the power to increase the period of suspension ordered

by the hearing panel.[1] However, where, as here, a portion of the panel's findings of misconduct is reversed, yet the penalty ordered is increased, the order for discipline should set forth reasons supporting the imposition of a more severe penalty.

This action is remanded to the Grievance Board for the purpose of setting forth reasons in support of the order of discipline. We retain jurisdiction.

T. M. KAVANAGH, C. J., and T. G. KAVANAGH, SWAINSON, WILLIAMS, LEVIN, and M. S. COLEMAN, JJ., concurred with J. W. FITZGERALD, J.

---

[1] State Bar Rule 16, § 16.15 provides: "After hearing on the order to show cause, the board shall confirm, amend, reverse, or nullify the order of the hearing panel in whole or in part or order other discipline. The board shall file and serve its order on review the same as set forth for orders of hearing panels."