STATE BAR GRIEVANCE ADMINISTRATOR v WILLIAMS

Docket No. 55866. Submitted January 8, 1975 (Calendar No. 7).—
   Decided April 29, 1975.

   Two formal complaints were filed against Booker T. Williams by
   the State Bar Grievance Administrator. A hearing panel dis-
   missed five of the seven counts in the first complaint. The
   remaining two counts, regarding failure to respond to requests
   for investigation, were found to warrant disciplinary action.
   The hearing panel ordered that respondent be publicly repri-
   manded for his misconduct and taxed costs. Another hearing
   panel heard the second formal complaint which charged re-
   spondent with conversion or embezzlement of a client's funds
   and failing to respond to requests for investigation. The hear-
   ing panel ordered respondent suspended from the general
   practice of law for three years, but allowed him to engage in a
   limited practice. The State Bar Grievance Board heard separate
   appeals from the decisions of the hearing panels, and it re-
   versed the decision of the first hearing panel which dismissed
   several counts, and increased the punishment imposed by the
   second panel to disbarment. Respondent appeals, challenging
   the ability of the board to modify a decision of a hearing panel
   summarily without explanation. *Held:*

   The State Bar Grievance Board is required by the State Bar
   Rules to include in its final order a statement disclosing the
   board's reasons for modifying the decision of a hearing panel.
   Basic fairness requires that the reasons be explained; a written
   statement by the board will serve as a guide for future hearing
   panels and the board itself when confronting similar or analo-
   gous factual situations; and the board's reasoning will be useful
   to the Supreme Court in exercising its final review powers over
   the board.

   The order of the State Bar Grievance Board is vacated and
   the matter is remanded for further proceedings.

REFERENCES FOR POINTS IN HEADNOTES
[1] 7 Am Jur 2d, Attorneys At Law § 12 *et seq.*
[2] 7 Am Jur 2d, Attorneys At Law § 70.
[3, 4] 7 Am Jur 2d, Attorneys At Law §§ 20, 53.

1. ATTORNEY AND CLIENT—DISBARMENT—STATE BAR GRIEVANCE BOARD.

An order filed by the State Bar Grievance Board is vacated and the matter is remanded for further proceedings where the board, without explanation, increased the penalty the hearing panel imposed, a limited suspension, to disbarment; the board is required by the State Bar Rules to include in its final order a statement disclosing the board's reasons for modifying the decision of a hearing panel (State Bar Rules 16.13, 16.15).

2. ATTORNEY AND CLIENT—STATE BAR RULES—STATE BAR GRIEVANCE BOARD.

A reasonable and liberal construction of the State Bar Rule which requires that the State Bar Grievance Board shall file and serve its order on review the same as set forth for orders of hearing panels leads to the conclusion that under that rule the board is required to comply with those procedures set forth in another rule which provides that a hearing panel shall file a separate report which shall include a certified transcript of the testimony plus pleadings, exhibits and briefs, a summary of all previous misconduct for which the respondent has been disciplined, and the panel's finding of facts; the combination of these two rules, in effect, requires the board to back up its order with a statement of the reasons that caused it to reach its conclusion (State Bar Rules 16.13, 16.15, 16.33[d]).

3. ATTORNEY AND CLIENT—STATE BAR GRIEVANCE BOARD—APPEAL AND ERROR—REVIEW OF WHOLE RECORD.

The State Bar Grievance Board on appeal must review the whole record made before the hearing panel.

4. ATTORNEY AND CLIENT—STATE BAR GRIEVANCE BOARD—DISPARITIES OF DISCIPLINE.

The State Bar Grievance Board may use its review power to adjust disparities arising out of the discipline imposed by individual hearing panels.

*Eugene N. LaBelle,* for the State Bar Grievance Administrator.

*S. Allen Early, Jr.,* for respondent.

SWAINSON, J. Respondent Booker T. Williams appeals to this Court from the order of disbarment filed by the State Bar Grievance Board (Board) on April 18, 1974. For the reasons stated in Part IV,

*infra,* and following our recent opinion in *State Bar Grievance Administrator v Gillette,* 393 Mich 26; 222 NW2d 513 (1974), we vacate the order of the Board and remand this matter for further proceedings.

I

This appeal is the result of two distinct formal complaints filed against respondent Williams by the State Bar Grievance Administrator.

The first formal complaint originally contained four counts. Count I charged Williams with unprofessional conduct in the handling of the personal injury claim of his client Mary Janet Hunter. As a result of Williams's alleged lack of diligence, Miss Hunter's claim was barred by the statute of limitations. Count II concerned respondent's failure to answer the request for investigation of Count I. See State Bar Rule 15, § 2(7) and Rule 16.6.

Count III of the formal complaint alleged a violation similar to the charge contained in Count I. Count III alleged that Mrs. Pearlene R. Sullivan retained respondent to represent her minor son, Jerry Collins, in a claim for damages resulting from personal injuries sustained when Jerry was struck by an automobile. After taking the case Williams advised Mrs. Sullivan that he had filed suit and later represented to Mrs. Sullivan that a settlement had been reached. In fact, the complaint alleged, neither a suit had been filed nor a settlement reached. Count IV concerned Williams's failure to answer the request for investigation of Count III.

A hearing on Counts I–IV of the formal complaint began on April 9, 1973, before Wayne County Hearing Panel No. 6. At the commencement of the hearing the administrator moved to amend the formal complaint. The administrator

added a Count V charging Williams with failure to file an answer to the formal complaint, Counts I–IV. See State Bar Rule 15, § 2(7).

At the hearing Mr. Williams testified that he had referred both the Hunter and Sullivan claims to another attorney who was responsible for their negligent treatment. Mr. Williams, however, refused to reveal the identity of this unknown attorney. As a result of respondent's refusal to disclose the name of the other attorney, the administrator added Counts VI and VII to the complaint. In these counts the administrator charged that respondent's refusal to identify an attorney whose actions constituted professional misconduct violated Canon 1, DR 1-103(B) of the Code of Professional Responsibility and State Bar Rule 15, § 2(1) and (4) in both the Sullivan (Count VI) and Hunter (Count VII) matters. Thus, Hearing Panel No. 6 confronted a seven-count amended complaint: Two counts alleged substantive misconduct with regard to the handling of the personal injury claims; two counts alleged respondent's failure to answer a request for investigation; one count alleged his failure to answer the formal complaint; and finally, two counts alleged respondent's refusal to disclose misconduct by another attorney.

After conducting the hearing, the hearing panel dismissed five of the seven counts listed in the complaint. The panel found that when Mary Janet Hunter discovered her claim barred by the statute of limitations, she filed a lawsuit against respondent for damages. Later she agreed to accept $8,000 in settlement from Williams of which $2,500 had been paid at the time of the hearing. The panel also noted that the respondent did not receive a fee or retainer from Hunter. It concluded that there was "no cause for discipline in this

matter, either because of his [respondent's] conduct relative to the claims * * * , nor his refusal to reveal the identity of the attorney to whom he referred her case". The panel accordingly dismissed Counts I and VII.

With regard to Mrs. Sullivan's complaint, the panel found:

"Respondent believed that the case had been settled and he later believed that the claims may have been barred by the statute of limitations. The fact is that the statute of limitations had not run and Mrs. Sullivan retained other counsel and proceeded with the claim on behalf of her son and this case is now in the courts. Respondent was never paid a retainer nor has he received any fee from Mrs. Sullivan. It therefore appears that any claim which she or her son may have are protected. Respondent has agreed to pay Mrs. Sullivan $3,500 for any delay caused her and thus far has paid her $1,200. She appears to be satisfied with the settlement."

The panel therefore dismissed Counts III and VI of the formal complaint.

Of the remaining charges, Count V (failure to answer the formal complaint) was dismissed without comment. Counts II and IV (failure to respond to request for investigation) were found to warrant disciplinary action. The hearing panel ordered on July 2, 1973 that respondent be publicly reprimanded for his misconduct. The costs of the proceedings were taxed against Williams.

After the panel's order was handed down, the administrator filed a claim of appeal with the State Bar Grievance Board. The administrator cited as grounds for appeal his belief that the hearing panel abused its discretion by dismissing Counts I, III, V, VI and VII of the formal complaint.

II

The second formal complaint was filed on June 22, 1973. Count I of that complaint charged respondent with conversion and/or embezzlement of a client's funds. The transaction arose in 1972 when Alan G. Howard retained Williams to represent him in a sale of real estate to Mrs. Elizabeth Lambert. As a part of the transaction Mrs. Lambert agreed to pay the mortgage balance of $8,663.34 then owed by Howard on the property. A cashier's check for $8,663.34 was made payable by Mrs. Lambert to respondent at his direction for the purpose of retiring the mortgage. Instead of properly transmitting the money, respondent retained the bulk of the funds and applied only a small amount toward the mortgage.[1] Counts II and III charged Williams with failing to respond to the request for investigation of Count I.

The hearing on the second formal complaint was held before Wayne County Hearing Panel No. 11 on September 13, 1973. At the hearing respondent did not contest the charges filed by the administrator. His only defense was to request that the hearing panel approve a plan whereby he would satisfy the outstanding mortgage debt on the Lambert property.[2] Such approval was given and the matter of discipline taken under advisement.

On October 23, 1973, the hearing panel ordered Williams suspended from the general practice of law for three years, but allowed him to engage in

---

[1] On September 5, 1974, Mr. Williams was convicted by a Washtenaw County jury of embezzlement. He has been sentenced to five years probation, $100 fine, $500 court costs, restitution to Mrs. Lambert and 180 days in jail to be served when ordered by the court. This conviction had not been entered at the time of any proceedings reviewed in today's opinion.

[2] Respondent has discharged the mortgage and, in addition, paid the outstanding taxes due on the property.

a limited practice. The panel's order restricted Williams to practicing under the immediate direction of a member of the State Bar and solely for "a governmental agency or on behalf of an institution, private or public, in which the services to be rendered by respondent shall not be on behalf of any clients other than the institution or governmental agency employing him". Costs of the second hearing were taxed against respondent.

The administrator was again dissatisfied with the results reached by the hearing panel and filed a claim of appeal with the State Bar Grievance Board. In this claim of appeal the administrator cited the suspension ordered by the hearing panel as "insufficient in view of the gravity of the charges which respondent failed to deny and in view of his prior disciplinary history".

## III

The State Bar Grievance Board heard separate appeals from the decisions of hearing panels Nos. 6 and 11. At the time of the appeals the administrator argued that the counts dismissed by Panel No. 6 should be reinstituted and that the suspension ordered by Panel No. 11 should be increased to disbarment. At each appeal respondent was represented by counsel and supported the discipline imposed by the hearing panels.

The Board reserved decision until both appeals were argued. On April 18, 1974, it issued its order on review. After briefly stating the procedural history of the case, the Board wrote:

"The Grievance Board does hereby affirm the findings of fact of Wayne County Hearing Panel #6 and reverses the conclusions of law in File No. 31100-A.

"It Is Further Ordered, the findings of fact and con-

clusions of law of Wayne County Hearing Panel #11 in File No. 31952-A are affirmed.

"It Is Further Ordered that the order of Wayne County Hearing Panel #6 dismissing of Counts I, III, VI and VII of the Formal Complaint and Amended Formal Complaint, be and the same are hereby reversed.

"It Is Further Ordered that the order of Hearing Panel #11 be and the same is hereby reversed, and—

I.

"It Is Ordered And Adjudged that the respondent Booker T. Williams be, and he is hereby, disbarred from the practice of law in the State of Michigan.

II.

"It Is Further Ordered And Adjudged that the respondent Booker T. Williams, within fifteen (15) days after the effective date of this order, shall notify all persons represented by him of his disbarment in the manner prescribed by Rule 16.15 of the Supreme Court Rules provided for the State Bar Grievance Board.

III.

"It Is Further Ordered that the stay of proceedings entered in this cause be, and the same is, hereby vacated and set aside."[3]

This order on review, of April 18, 1974, represented the complete statement by the Board concerning respondent's cases.

IV

On appeal to the Supreme Court Williams challenges both the ability of the Board to summarily modify a decision of a hearing panel without explanation and the "unreasonably punitive" sanctions ordered by the Board. Since we vacate the Board's order on review for procedural deficiencies, we find it unnecessary to reach and review the

[3] The remainder of the order was concerned with taxing costs against respondent.

appropriateness of the discipline contained in that order.

As we perceive respondent's arguments on appeal, he contends that the Board is required by State Bar Rules 16.15 and 16.13 to include in its final order a statement disclosing the Board's reasons for modifying the decision of a hearing panel. While respondent fails to fully develop this argument, we believe that he is substantially correct in his reading of these two rules.

The procedures to be followed by the Board when reviewing the decisions of a hearing panel are contained in Rule 16.15. In relevant part that rule provides:

> "After hearing on the order to show cause, the board shall confirm, amend, reverse or nullify the order of the hearing panel in whole or in part or order other discipline. *The board shall file and serve its order on review the same as set forth for orders of hearing panels.* Orders of discipline shall take effect 20 days after service." (Emphasis added.)

The required procedures for hearing panels are set forth in Rule 16.13:

> "If the hearing panel finds that the charges of misconduct are not established by a preponderance of the evidence, it shall enter an order of dismissal of the complaint. If the hearing panel finds that the charges of misconduct are established as true by a preponderance of the evidence, the hearing panel shall enter an order for discipline. *In either instance the panel shall file a separate report which shall include a certified transcript of the testimony plus pleadings, exhibits and briefs, a summary of all previous misconduct for which the respondent has been disciplined, and the panel's finding of facts.* All reports and orders shall be signed by the chairman of the hearing panel, and shall be filed with the board and the administrator. Copies of all

reports and orders shall be served upon the parties in conformity with the rules herein provided." (Emphasis added.)

A reasonable (and liberal, Rule 16.33[d]) construction of Rule 16.15 leads us to the conclusion that under Rule 16.15 the Board is required to comply with those procedures set forth in Rule 16.13 to the extent that they are consistent with the Board's review function. In the context of the present appeal a reasonable construction of Rule 16.13 as incorporated by Rule 16.15 requires the Board to state its findings of fact—or reasons—for its disciplinary action. The combination of these two rules, in effect, requires the Board to back up its order with a statement of the reasons that caused it to reach its conclusion.

Recently in *State Bar Grievance Administrator v Gillette, supra,* the Court speaking through Justice J. W. FITZGERALD reached a similar result without specifically referring to Rules 16.13 and 16.15. In *Gillette* Justice FITZGERALD wrote:

"It is clear that the board has the power to increase the period of suspension ordered by the hearing panel. However, where, as here, a portion of the panel's findings of misconduct is reversed, yet the penalty ordered is increased, the order for discipline should set forth reasons supporting the imposition of a more severe penalty." 393 Mich 29–30 (1974). (Footnote omitted.)

While the facts of *Gillette* led the Court to state its holdings in terms slightly narrower than necessary to encompass the present case, we believe that the rule established in *Gillette* has general merit and should be applied to any situation in which the Board finds it necessary to increase or modify the order of a hearing panel.

We have previously held that the Board in hearing an appeal must review the whole record made before the hearing panel. *State Bar Grievance Administrator v Lewis,* 389 Mich 668, 675; 209 NW2d 203 (1973). This review may reveal errors in the panel's action that demand correction by the Board. The Board may also use its review power to adjust disparities arising out of the discipline imposed by individual hearing panels. Whatever its reasons, however, the Board should publicly state them so that the parties will be advised and the appearance as well as the substance of justice realized.

In our opinion there are significant benefits to be gained by requiring the Board to explain its orders on review whenever it finds it necessary to modify the decision of a hearing panel. First, basic fairness requires that the Board explain its reasons for modifying the decision of the hearing panel that has had the benefit of directly listening to the parties and being present at the presentation of evidence. Second, a written statement by the Board will provide guidance to future hearing panels and to the Board itself when confronting similar or analogous factual situations. Third, the Board's reasoning will be helpful to this Court when we are called upon to exercise our final review powers over the Board pursuant to State Bar Rule 16.23. Unless the Board provides the Court with its rationale, we are left to guess why the Board found it necessary to modify the panel's result.

The order on review filed April 18, 1974 by the State Bar Grievance Board is remanded to the Board for further proceedings not inconsistent with today's opinion.

This Court retains jurisdiction.

Costs of this appeal to respondent.

T. G. KAVANAGH, C. J., and WILLIAMS, LEVIN, M. S. COLEMAN, and J. W. FITZGERALD, JJ., concurred with SWAINSON, J.

The late Justice T. M. KAVANAGH took no part in the decision of this case.