STATE BAR GRIEVANCE ADMINISTRATOR v WILLIAMS (AFTER REMAND)

Docket No. 55866. Submitted January 8, 1975 (Calendar No. 7). Resubmitted after remand to State Bar Grievance Board October 27, 1975.—Decided April 1, 1976.

A State Bar Grievance Board reversed the decision of a hearing panel which dismissed five of seven counts in one complaint against Booker T. Williams. The board also increased the punishment imposed by a second hearing panel on a second complaint charging conversion of a client's funds from a limited suspension to disbarment. Respondent appealed and the Supreme Court remanded to the State Bar Grievance Board to set forth reasons for modifying the decisions of the hearing panels. 394 Mich 5; 228 NW2d 222 (1975). Upon remand, the board filed an opinion that for acts of conversion or misuse of a client's funds the discipline to be imposed should be disbarment. *Held:*

The discipline imposed by the second hearing panel was insufficient. The order of discipline is modified to suspend respondent from the practice of law until October 23, 1978, five years from the date of the order of the hearing panel, and in other respects is affirmed.

Lindemer, J., dissented on the grounds that the discipline for an attorney guilty of embezzlement of his client's funds should be permanent disbarment.

Affirmed as modified.

OPINION OF THE COURT

1. ATTORNEY AND CLIENT—STATE BAR GRIEVANCE BOARD—DISCIPLINE —MODIFICATION.

An order of the State Bar Grievance Board modifying an order of discipline by a hearing panel from suspension for three years to disbarment for conversion of a client's funds is modified on

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 7 Am Jur 2d, Attorneys-at-Law §§ 35, 36.
Disbarment for failure to account for money of client. 43 ALR 54.

appeal to suspension for five years from the date of the hearing panel's original order.

DISSENTING OPINION

LINDEMER, J.

2. ATTORNEY AND CLIENT—STATE BAR GRIEVANCE BOARD—EMBEZZLE-
MENT—DISCIPLINE.

An attorney convicted of embezzlement of a client's funds in connection with a transaction serving as the basis for a formal grievance complaint against him should be disciplined by permanent disbarment.

*Eugene N. LaBelle* for the State Bar Grievance Administrator.

*S. Allen Early, Jr.,* for respondent.

PER CURIAM. The facts and proceedings out of which this appeal arose are fully set forth in our opinion remanding the matter to the State Bar Grievance Board for its statement of reasons underlying its modification of the discipline imposed upon respondent after hearings before Wayne County Hearing Panels No. 6 and No. 11. *State Bar Grievance Administrator v Williams,* 394 Mich 5; 228 NW2d 222 (1975). We are in agreement with the board's opinion after remand that the discipline imposed by Hearing Panel No. 11 was insufficient in view of the findings of that panel which were affirmed by the board. Pursuant to our power under Grievance Board Rule 16.23(h) to make such order as may be deemed appropriate, and because considerable time has elapsed since the October 23, 1973, order of Hearing Panel No. 11, we modify the discipline imposed upon respondent to suspension until October 23, 1978. This action is taken in view of the facts on record and the equities of this particular case. Respondent will be entitled to petition for readmission five

years from the date that his license to practice law might have been appropriately ordered revoked. State Bar Rule 15, § 7(b). In all other respects, the order of the grievance board is affirmed.

KAVANAGH, C. J., and WILLIAMS, LEVIN, COLEMAN, and FITZGERALD, JJ., concurred.

LINDEMER, J. *(dissenting).* The oath of office to which we ask young people admitted to this Bar to subscribe recites:

"I will in all other respects conduct myself personally and professionally in conformity with the high standards of conduct imposed on members of the bar as conditions for the privilege to practice law in this State."

It is a privilege to practice law in this state. The conditions should be rigorous.

On September 5, 1974, Mr. Williams was convicted by a Washtenaw County jury of embezzlement in connection with the transaction serving as the basis for the second formal complaint filed against him. It is my opinion that he should never be allowed to practice law in this state.

I would prefer permanent disbarment.

RYAN, J., took no part in the decision of this case.