STATE BAR GRIEVANCE ADMINISTRATOR v BAUN (AFTER
REMAND)

Docket No. 56119. Argued May 6, 1975 (Calendar No. 3). Resubmitted
after remand to State Bar Grievance Board December 8, 1975—
Decided April 21, 1976.

A State Bar Grievance Board hearing panel found Leonard A.
Baun guilty of misconduct in failing to maintain separate
accounts for four estates, commingling estate funds with his
personal funds, and converting them to his own use, and
suspended him from the practice of law for two years. The
State Bar Grievance Board increased the penalty to disbar-
ment. Respondent appealed and the Supreme Court remanded
to the State Bar Grievance Board to set forth reasons in
support of extending the order of discipline. 395 Mich 28; 232
NW2d 621 (1975). A written opinion was filed by the board
which found that suspension was inappropriate discipline for
an attorney acting as a fiduciary who commingled estate funds
with his own and refused to take any action toward correcting
his conduct until compelled to do so by contempt proceedings.
*Held:* The Court agrees with the conclusion of the board ex-
tending the order of discipline to disbarment.

Affirmed.

ATTORNEY AND CLIENT—STATE BAR GRIEVANCE BOARD—INCREASED
DISCIPLINE—COMMINGLED FUNDS.

The State Bar Grievance Board was correct in its conclusion in a
grievance proceeding extending a two-year suspension ordered
by a hearing panel to disbarment where the respondent acted
as a fiduciary in four separate estates, commingled funds from
the estates with his own, converted the proceeds of the estates
and used them for his own purposes and failed to pay over the
full assets to a successor fiduciary during subsequent contempt
proceedings which were adjourned from time to time.

*Louis Rosenzweig* for the State Bar Grievance
Administrator.

REFERENCE FOR POINTS IN HEADNOTE
7 Am Jur 2d, Attorneys at Law § 35.

*Watson, Wunsch & Keidan, P. C., Edward Do-breff,* and *Robert J. Lord* for respondent.

COLEMAN, J. This matter was remanded to the State Bar Grievance Board on September 8, 1975[1] to state its reasons why the two-year suspension ordered by the hearing panel was extended to disbarment by the board.[2]

A written opinion now has been filed stating in essence that the suspension was considered to be inappropriate to the reprehensible conduct of an attorney acting also as fiduciary in four separate estates.

Mr. Baun not only commingled funds from the four estates with his own,[3] but converted the proceeds of the estates and used them for his own purposes. Upon appointment of a successor fiduciary, Mr. Baun refused to (or could not) pay over $147,000 in assets. While subsequent contempt proceedings were being adjourned from time to time, respondent paid $62,000, leaving $85,000 for the sureties on his bonds to pay upon default.

Although the hearing panel was unanimous in its findings of fact and conclusions of law, it divided 2–1 upon the extent of discipline. Two voted for the two-year suspension and one for disbarment. The board voted unanimously for disbarment.

From the facts, the board concluded as follows:

"The conduct of the respondent and the evidence show a wilful disregard of his obligations as a fiduciary and trustee. He refused to take any action toward

---

[1] *State Bar Grievance Administrator v Baun,* 395 Mich 28; 232 NW2d 621 (1975).

[2] *See State Bar Grievance Administrator v Gillette,* 393 Mich 26; 222 NW2d 513 (1974).

[3] Contrary to MCLA 720.219; MSA 27.2754(19) and DR 9-102 of the Code of Professional Responsibility.

correcting his conduct until compelled to do so by contempt proceedings. His conduct was clearly subversive to the administration of justice.

"There are few business relations involving a higher trust and confidence than that of an attorney acting as trustee in the handling of money for his client or by order of the court. The basis of this relationship is one of confidence and trust. Any action by the attorney which destroys that basic confidence and trust clearly subjects the legal profession and the courts to obloquy, contempt, censure and reproach. Foremost among the acts destroying the confidence between the public and the bar is the conversion or misuse of a client's funds and the failure or refusal of an attorney to obey the orders of the court.

"With respect to the decision rendered by Wayne County Hearing Panel #2, it is the unanimous opinion of the board that the discipline imposed by the majority members is insufficient and disbarment was ordered."

Subsequent to the filing of the opinion of the State Bar Grievance Board, appellant filed a supplemental brief in opposition to the opinion. The Court has considered appellant's supplemental brief and the opinion of the State Bar Grievance Board and we agree with the conclusion.

Affirmed.

KAVANAGH, C. J., and WILLIAMS, LEVIN, and FITZGERALD, JJ., concurred with COLEMAN, J.

LINDEMER and RYAN, JJ., took no part in the decision of this case.