## IN THE MATTER OF DAGGS

Docket No. 64341. Argued November 14, 1980 (Calendar No. 10).—
Decided June 19, 1981.

LeRoy W. Daggs, an attorney, was found guilty of professional misconduct and gross negligence in representing three clients. The complaint also described, in two counts, three other disciplinary investigations against the respondent, in 1970, 1971 and 1976, which had resulted in discipline for similar professional misconduct. The hearing panel in this case dismissed the 1976 misconduct as unsupported by the evidence and refused to consider the 1970 and 1971 misconduct, and ordered the respondent suspended from the practice of law for two years. The Attorney Discipline Board affirmed the findings and denied the respondent's request for a rehearing on the ground of newly discovered evidence, but reduced the suspension to one year. The parties appeal. *Held:*

The inclusion of the two counts relating to previous misconduct, while improper, does not require a rehearing before a different hearing panel in this case because the panel recognized the impropriety and dismissed one count and refused to consider the other. Evidence regarding an altered receipt is not such newly discovered evidence as to require a further hearing. The Attorney Discipline Board did not abuse its discretion in reducing the period of suspension to one year.

1. The separation of the prosecutorial and adjudicative functions of the former State Bar Grievance Board into the Attorney Grievance Commission and the Attorney Discipline Board was deemed necessary to obviate the appearance of, and potential for, unfairness where the State Bar Grievance Board both supervised the work of the State Bar Grievance Administrator and adjudicated the charges which the administrator filed. In addition certain procedural changes were made. The respondent's contention that more substantive due-process rights must be accorded to a respondent because of the changes addresses the form, not the substance, of the change.

2. Only after a decision on the merits of the alleged miscon-

REFERENCE FOR POINTS IN HEADNOTES
[1-10] 7 Am Jur 2d, Attorneys at Law §§ 87-97.

duct is evidence of prior misconduct relevant for the formation of an order of discipline. However, Daggs was not unfairly prejudiced by the inclusion of the counts relating to prior misconduct. The record shows that the hearing panel was fully cognizant of the potential for unfair prejudice stemming from them, and expressly noted and exercised its discretion by limiting the Grievance Administrator to his proofs in one count and in refusing to consider the other. Daggs also argues that the reference to prior discipline rendered his testimony less credible. However, much of the hearing panel's findings refer to undisputed and unexplained delays during which the rights of the respondent's clients were prejudiced, and his testimony is characterized by a continued lack of responsiveness to questions, numerous contradictory statements, and frequent lapses of memory. The record shows nothing on which to conclude that the standard of the preponderance of the evidence was not met. In this factual setting, a rehearing before a new hearing panel is not required.

3. To obtain a new disciplinary hearing on the ground of newly discovered evidence the respondent must show that the evidence and not merely its materiality is newly discovered, that it is not merely cumulative, that a different result is probable on remand, and that reasonable diligence could not have discovered and produced the evidence. It is undisputed that an exhibit in this case, a receipt for a fee signed by Daggs, has been altered from $500 to $2,500. Daggs testified that the client paid him only $500 and denied altering the receipt. In an amended petition for review of the disciplinary hearing, he presented an affidavit of an expert on questioned documents who concluded that the word "twenty" in the phrase "twenty-five hundred" was not written by him. The substance of the affidavit is merely cumulative and is not newly discovered. Nor is a different result probable on remand since the credibility of the witnesses and the materiality of the alteration were assessed by the hearing panel in reaching its decision. Daggs cannot plausibly maintain that he exercised due diligence in discovering and producing the evidence concerning the alteration of the receipt. He was put on notice of the alteration on the first day of hearing when the receipt was offered into evidence, and cross-examination of the client's wife indicates that Daggs was aware of the materiality of the alteration. He took no steps during the ensuing 5-1/2 months to request expert examination of the receipt or, after the report of the hearing panel, to request a new hearing. Therefore, he has not met the requisite standard for relief under a theory of newly

discovered evidence. The fraud alleged as to the amount paid to Daggs is distinctly collateral to the issue whether he accepted money to protect the client's right of appeal. The hearing panel concluded that an undetermined amount was paid to him, and that he failed to protect the complainant's right of appeal, and the alleged wrongdoing by the client did not prejudice Daggs or deprive him of substantial justice.

4. The Attorney Discipline Board has the power to amend the order of the hearing panel. The broad grant of power is not unlimited; an abuse of discretion may be found under proper circumstances. The Attorney Discipline Board must state reasons for the modification of an order of a hearing panel, and failure to do so precludes an exercise of discretion. The opinion of the board sufficiently gave the reasons for reducing the suspension that the Court was able to exercise its function of review, and was not so bereft of explanation as to provide no guidance to future hearing panels and to the Attorney Discipline Board when confronting similar or analogous facts.

5. To impose a standard of abuse of discretion on the Attorney Discipline Board for review of orders of hearing panels would operate to prevent the board from effectively carrying out its function of overseeing the continuity and consistency of discipline imposed. The board did not abuse its discretion in this case. It found the imposition of a two-year suspension too severe in light of the misconduct proved, and exercised its function of overview and reduced the length of the suspension. Review of the whole record shows that the action of the Attorney Discipline Board was principled and reasoned.

Affirmed.

1. ATTORNEY AND CLIENT — DISCIPLINARY PROCEEDINGS — DUE PROCESS.

The separation of the State Bar Grievance Board into two independent bodies, the Attorney Grievance Commission to serve the prosecutorial function and the Attorney Discipline Board to perform the adjudicative functions, does not require that a lawyer be accorded more substantive due-process rights in disciplinary proceedings before the Attorney Discipline Board (GCR 1963, 957, 959).

2. ATTORNEY AND CLIENT — DISCIPLINARY PROCEEDINGS — PRIOR MISCONDUCT.

Only after a decision on the merits of the alleged misconduct in an attorney discipline case is evidence of prior misconduct

relevant for the formulation of an order of discipline (GCR 1963, 964.2).

3. ATTORNEY AND CLIENT — DISCIPLINARY PROCEEDINGS — COMPLAINT — PRIOR MISCONDUCT.

A lawyer charged with professional misconduct was not unfairly prejudiced by the inclusion in the complaint of allegations concerning his prior professional misconduct where the record shows that the hearing panel of the Attorney Discipline Board was fully cognizant of the potential for unfair prejudice stemming from the allegations and expressly noted and exercised its discretion by limiting the Grievance Administrator to his proofs in one of the prior matters and refusing to consider the others, many of the findings by the hearing panel refer to undisputed and unexplained delays during which the rights of the respondent's clients were prejudiced, the respondent's credibility was seriously undermined by his own testimony, and there is nothing in the record upon which to conclude that the preponderance of evidence standard was not met (GCR 1963, 964.2).

4. ATTORNEY AND CLIENT — DISCIPLINARY PROCEEDINGS — NEWLY DISCOVERED EVIDENCE.

To obtain a new disciplinary hearing on the ground of newly discovered evidence a respondent lawyer must show that the evidence and not merely its materiality is newly discovered, the evidence is not merely cumulative, a different result is probable on remand, and reasonable diligence could not have discovered and produced the evidence.

5. ATTORNEY AND CLIENT — DISCIPLINARY PROCEEDINGS — NEWLY DISCOVERED EVIDENCE.

A respondent lawyer is not entitled to a new disciplinary hearing on the ground of newly discovered evidence because of an affidavit by an expert on questioned documents who concluded that the respondent did not make the alteration of the amount of a receipt given to his client, which was admitted in evidence against the respondent, where the substance of the affidavit is merely cumulative and not newly discovered, the credibility of the witnesses and the materiality of the alteration were assessed by the hearing panel in reaching its decision in the first hearing, and the respondent took no steps during the ensuing 5-1/2 months of the proceedings after the hearing to request expert examination of the alteration, or a new hearing after the hearing panel made its report.

6. ATTORNEY AND CLIENT — DISCIPLINARY PROCEEDINGS — FRAUD.

A respondent lawyer's allegation of fraud by the complaining client is insufficient as a basis for a new disciplinary hearing where the fraud alleged, the alteration of the amount of a receipt signed by the respondent, is distinctly collateral to the issue whether the respondent accepted money to protect the client's rights, the hearing panel concluded that an undetermined amount was paid to the respondent, and that the respondent failed to protect the client's rights.

7. ATTORNEY AND CLIENT — DISCIPLINARY PROCEEDINGS — ORDER OF DISCIPLINE — AMENDMENT.

The Attorney Discipline Board has the power to amend an order of discipline against a lawyer by a hearing panel; reduction of the length of a respondent's suspension from the practice of law is, perforce, an amendment of the hearing panel's order of discipline (GCR 1963, 967.4).

8. ATTORNEY AND CLIENT — DISCIPLINARY PROCEEDINGS — ORDER OF DISCIPLINE — APPEAL.

The powers granted to the Attorney Discipline Board to review the order of a hearing panel in disciplinary proceedings against a lawyer are substantially identical to those granted to its predecessor, the State Bar Grievance Board; but the broad grant of power is not unlimited, and abuse of discretion may be found under the proper circumstances (GCR 1963, 967.4).

9. ATTORNEY AND CLIENT — DISCIPLINARY PROCEEDINGS — ORDER OF DISCIPLINE — AMENDMENT.

The Attorney Discipline Board must state reasons for the modification of an order by a hearing panel so that its explanation will provide guidance to future hearing panels, and to the Attorney Discipline Board, when confronting similar or analogous facts (GCR 1963, 967.4).

10. ATTORNEY AND CLIENT — DISCIPLINARY PROCEEDINGS — ORDER OF DISCIPLINE — MODIFICATION.

The Attorney Discipline Board did not abuse its discretion in reducing an order of a hearing panel suspending a lawyer from the practice of law for two years to suspension for one year where the board found the imposition of a two-year suspension too severe in the light of the misconduct proved, a review of the whole record shows that the action of the board was principled and reasoned, and the board sufficiently explained its reasons that the Supreme Court was able to exercise its function of review (GCR 1963, 967.4, 971).

*Louis Rosenzweig,* Counsel to Grievance Administrator.

*F. Philip Colista* and *Richard C. Kaufman* for respondent.

FITZGERALD, J. Respondent attorney LeRoy W. Daggs was found grossly negligent in the representation of three clients and was ordered suspended from the practice of law for two years. The Attorney Discipline Board affirmed these findings but reduced the suspension to one year. We affirm.

On February 23, 1978, the State Bar Grievance Administrator (now Grievance Administrator) filed a formal complaint against LeRoy W. Daggs, a member of the State Bar of Michigan. He was charged with five counts of unprofessional conduct.

Oakland County Hearing Panel No. 7 heard testimony on July 18, 1978, and November 7, 1978. In a decision filed January 10, 1979, the panel found the evidence supported counts I, III and IV, dismissed count II as unsupported, and refused to consider count V.[1] The panel found respondent's conduct violated the Code of Professional Responsibility and was grossly negligent in representing the interests of the clients.[2] The panel ordered respondent suspended from the practice of law for two years.

Respondent petitioned the Attorney Discipline Board for review of the panel's order of discipline. The administrator cross-petitioned for review of the panel's refusal to consider count V. Approxi-

---

[1] We adopt the numbering of the counts used in the formal complaint. The panel considered the counts in the order in which proofs were presented.

[2] The panel found respondent's conduct violated Canons 1, 6 and 7 of the Canons of Professional Responsibility and specifically DR 1-102(A), subds (4), (5), and (6); DR 6-101(A), subds (1), (2), and (3); and DR 7-101(A), subds (1), (2), and (3).

mately 3-1/2 months later, respondent filed an amended petition alleging newly discovered evidence.

The board, in a divided opinion, affirmed the panel's findings, but reduced the suspension to one year. Respondent's request for remand due to newly discovered evidence was denied. The dissent cited the inclusion of counts II and V as the source of an impermissible taint of the panel's proceedings.

We granted leave to consider the following questions:

(1) Does the inclusion of counts II and V in the complaint require a rehearing? (2) Should the case have been remanded for the hearing of additional evidence regarding the alteration of the receipt? (3) Did the Attorney Discipline Board abuse its discretion in reducing the period of suspension?

I

*Before turning to the questions presented, we will briefly state the three counts upon which the panel found misconduct.*

A

Count I alleged respondent was retained by Mr. Sceola Kuykendall and paid $3,900 to perfect an appeal from a Federal criminal conviction. A claim of appeal was filed, respondent appearing as attorney of record. No further action was taken and the appeal was eventually dismissed for want of prosecution. It was further alleged that respondent represented to Mr. Kuykendall that the appeal had been denied.

The panel found the complaint's allegations were supported by a preponderance of the evi-

dence, although the exact sum paid to respondent could not be ascertained. The panel further found respondent attempted to persuade Mr. Kuykendall to withdraw his complaint in exchange for payment of money. This attempt to secure withdrawal of the complaint occurred after the panel had been appointed to investigate the complaint and shortly before the first day of the hearing.

## B

Count III averred respondent was retained to probate the estate of Wihelmina Bailey. The estate consisted of a single piece of property in the City of Detroit. Count III alleged it took respondent approximately 20 months to file a petition for administration and approximately 7 years to close the estate.

The panel found no acceptable or excusable reasons for the undisputed delay in probating this estate. The panel noted that this delay "constitute[d] total failure on the part of the respondent to fulfill his obligation to this client".

## C

Count IV recited that respondent was appointed to pursue post-conviction remedies for an imprisoned felon and that 13 months passed before the claim of appeal was filed. Respondent then formally requested that he be discharged as appointed counsel. It was further alleged that respondent delayed an additional two months before filing the substitution order.

The panel found that respondent "failed to properly and diligently present his request to be relieved of his appointment, that his delay was inexcusable, and that his obligation was to

promptly seek entry of an order [relieving] him of his responsibility".

## II

*Does inclusion of counts II and V require a rehearing?*

The formal complaint against respondent consisted of five counts. Count II described the details of a 1976 investigation against respondent and alleged that the resulting reprimand indicates respondent's failure to meet the requisite standards for members of the bar. Count V recited respondent's 1970 reprimand and 1971 three-month suspension, *State Bar of Michigan v Daggs,* 384 Mich 729; 187 NW2d 227 (1971), and alleged "a pattern of gross negligence and incompetence in handling his client's affairs" in violation of Code of Professional Responsibility and Canons, DR 6-101.

As earlier stated, the panel dismissed count II as unsupported by competent evidence and refused to consider count V.

Respondent contends that bifurcation of the attorney discipline process demonstrates this Court's awareness of the increased adversariness of disciplinary proceedings and that the fact that proceedings are governed by the General Court Rules and the Rules of Evidence supports this idea. GCR 1963, 964.1, 964.9(a). In effect, respondent asserts that under the new procedure of bifurcation, *more* process is due.

It is noteworthy that this is the first attorney disciplinary proceeding to reach this Court since bifurcation of the prosecutorial and adjudicative functions of the State Bar Grievance Board.[3] Bifur-

---

[3] The effective date for bifurcation of attorney discipline hearings was October 1, 1978. 402 Mich clvi. Although the hearing before the panel began on July 18, 1978, it was adjourned to and completed on November 7, 1978.

cation was deemed necessary to obviate the appearance of, and potential for, unfairness where the State Bar Grievance Board both supervised the work of the administrator and adjudicated charges the administrator filed.

Bifurcation created two separate and independent boards. The Attorney Grievance Commission was established to serve the prosecutorial function in supervising and disciplining Michigan attorneys (GCR 1963, 957); the Attorney Discipline Board performs the adjudicative functions (GCR 1963, 959). In addition, certain procedural changes were made. Respondent's contention that more process is due because of bifurcation addresses the form, not the substance, of the change.

Respondent asserts that the thrust of the substantive allegations in counts I, III and IV was inaction. In counts II and V, the panel was informed that repondent had been disciplined in the past for inaction. Respondent argues that the reference to prior discipline tainted the panel's objectivity, rendering his present testimony less credible. This resulted in denial of a fair hearing.

The administrator, in argument before the panel and the board, took the position that non-substantive counts are properly included in the complaint whenever the overriding issue is an attorney's competence to practice law. The administrator, in his brief to this Court, says merely that the error was harmless, thus apparently conceding that inclusion of counts II and V was error.[4]

Based upon an examination of the record of the

---

[4] In claiming that the error was harmless, the administrator relies in part on the miscarriage of justice standard of review in GCR 1963, 956.1. The administrator argues that respondent was clearly guilty of counts I, III and IV. Therefore, the mere presence of counts II and V in the complaint did not result in a miscarriage of justice. The weakness of this argument is that it begs the question of credibility raised by the respondent.

proceedings, we conclude that respondent was not unfairly prejudiced by the inclusion of counts II and V. The record discloses the panel was fully cognizant of the potential for unfair prejudice stemming from these counts. The panel expressly noted and exercised its discretion both in limiting the administrator to his proofs in count II and in refusing to consider count V.

In connection with count V, the chairman stated he did not want the panel "influenced in this matter by virtue of what transpired in previous suspensions or disciplinary action", and, absent a decision from this Court, or a law, would not consider the count. The other members of the panel, when polled, specifically agreed.

While respondent raises the issue of credibility in the context of counts II and V, much of the panel's findings refer to undisputed and unexplained delays during which the rights of respondent's clients were prejudiced. In addition, his credibility, without more, was seriously undermined by his own testimony which is characterized by continued lack of responsiveness to questions, numerous contradictory statements and frequent lapses of memory. Credibility of the witnesses and the respondent was for the panel to evaluate. The record reveals nothing upon which to conclude the preponderance of evidence standard was not met. GCR 1963, 964.10. *State Bar Grievance Administrator v Posler,* 390 Mich 581; 213 NW2d 133 (1973).

We hold that the inclusion of counts II and V in this factual setting does not require a rehearing. We also hold that evidence of prior misconduct is not alleged misconduct for purposes of preparing a complaint. Only after a decision on the merits of the alleged misconduct is evidence of prior miscon-

duct relevant for the formulation of an order of discipline.

## III

*Should the case have been remanded for the hearing of additional evidence regarding the alteration of a receipt?*

State Bar Exhibit No. 5 is a receipt for $2,500 signed by respondent. This exhibit was admitted without objection during testimony by the wife of complainant Kuykendall. Mrs. Kuykendall testified she received the receipt from her husband. Mr. Kuykendall later testified that the receipt was for money paid to respondent to perfect his appeal.

It is undisputed that the receipt was originally made out for $500. Respondent testified that complainant paid him only $500; he categorically denied altering the receipt. Complainant testified he gave respondent $2,500 and demanded that respondent make out a receipt for the true amount of cash paid. He left respondent's office with the altered receipt.

Respondent alleged in his amended petition for review that there was additional evidence that the receipt was altered from $500. Respondent attached to the amended petition the supporting affidavit of a qualified expert witness in the field of questioned documents. The document examiner expressed the opinion that the word "twenty" in the phrase "twenty-five hundred" was not written by respondent. The examiner expressed no opinion about the raised "2" before the "500".

Respondent argued that the linchpin of count I was credibility. Since the affidavit proved he did not alter the receipt, contrary to complainant's testimony, and since complainant admitted the

receipt never left his possession or control, respondent contended that the alteration of the receipt, if not fraudulent, at least adversely reflected on complainant's credibility. Either conclusion would cast doubt on the panel's findings.

Although respondent described the affidavit as newly discovered evidence which would entitle him to relief from the panel's order of discipline, the board denied the petition since the affidavit was not part of the record before the panel. We agree with the board's result but reach the merits of respondent's argument because the record before us is sufficient to dispose of it and render a final judgment in this case. GCR 1963, 971.5.

Michigan law on newly discovered evidence as the basis for a new trial is settled. *Canfield v City of Jackson,* 112 Mich 120; 70 NW 446 (1897). It is necessary to show:

1) The evidence and not merely its materiality is newly discovered;

2) The evidence is not merely cumulative;

3) A different result is probable on remand;

4) Reasonable diligence could not have discovered and produced the evidence.

Respondent's argument that the affidavit is newly discovered evidence requires examination of the contents of the affidavit in light of the standard.

After the altered receipt was admitted into evidence, both Mr. and Mrs. Kuykendall were cross-examined about the alteration. The panel was asked to take "judicial notice" of the alteration and agreed to do so. Respondent categorically denied making the alteration. We note the affidavit merely concludes that respondent did not make the alteration.

We find that the substance of the affidavit is merely cumulative and is not newly discovered.

Nor is a different result probable on remand since the credibility of the witnesses and the materiality of the alteration were assessed by the panel in reaching its decision.

Respondent also cannot plausibly maintain that he exercised due diligence, notwithstanding the limited discovery available during the prehearing phase of attorney discipline hearings. Respondent was put on notice of the alteration on the first day of hearing at the time the receipt was offered into evidence. Cross-examination of Mrs. Kuykendall indicates respondent was also aware of the materiality of the alteration. Respondent took no steps during the ensuing 5-1/2 months to request expert examination of this evidence or, after the panel's report, to request a new hearing in order to raise this point. We conclude respondent has not met the requisite standard to be entitled to a remand under a newly discovered evidence theory.

Our review of the panel's findings also convinces us that respondent's allegation of fraud, standing alone as a basis for remand, is insufficient. Assuming without deciding that complainant did commit a fraud upon the panel as to the amount he paid respondent, the fraud alleged is distinctly collateral to the issue whether respondent accepted money to protect complainant's right of appeal. Receipts signed by respondent were introduced into evidence, without objection, which showed respondent received either $900 or $2,900 from complainant.[5] The panel concluded that an undetermined amount was paid to respondent to protect complainant's right of appeal and that no

---

[5] State Bar Exhibit No. 4 is a receipt for $400. It bears the following notation:
"Re: Federal Court Case (Transcript Fee)".
State Bar Exhibit No. 5 bears the notation:
"Costs of Printing".

further action was taken after the claim of appeal was filed. The appeal was dismissed for want of prosecution. Even if respondent agreed only to protect complainant's right of appeal, as a factual matter, he failed to do so. It is clear that the alleged wrongdoing by the complainant did not prejudice respondent or deprive him of substantial justice.

Since we conclude that the substance of the affidavit is not newly discovered and merely cumulative, that the findings of the panel adopted by the board on credibility have proper evidentiary support on the whole record, *State Bar Grievance Administrator v Estes,* 390 Mich 585; 212 NW2d 903 (1973), and that the fraud, if proved, is non-prejudicial, we hold that no remand for the taking of additional evidence on the alteration is necessary.

## IV

*Did the Attorney Discipline Board abuse its discretion in reducing the period of suspension?*

The board affirmed the panel's findings but reduced the period of suspension from two years to one year. The administrator appeals the reduction, arguing that the board's action is so contrary to the evidence and findings it amounts to an abuse of discretion. The administrator also argues abuse of discretion because the board did not state explicit reasons for the reduction.

We do not agree that the board abused its discretion by reducing respondent's suspension. The board has the power to "affirm, *amend,* reverse, or nullify the order of the hearing panel in whole or in part or order other discipline". GCR 1963, 967.4. (Emphasis supplied.) Reduction of re-

spondent's suspension is, *perforce,* an amendment of the panel's order of discipline. Nor is this discretion a departure from the past. The powers granted the board under GCR 1963, 967.4 are substantially identical to those granted its predecessor, the State Bar Grievance Board, in State Bar Rule 16.16.

The broad grant of power given to the board is, of course, not unlimited. Abuse of discretion may be found under proper circumstances. The administrator correctly notes that the board must state reasons for modification of a hearing panel order and that failure to do so precludes such an exercise of discretion. *State Bar Grievance Administrator v Gillette,* 393 Mich 26; 222 NW2d 513 (1974), *(After Remand),* 394 Mich 1; 228 NW2d 220 (1975); *State Bar Grievance Administrator v Williams,* 394 Mich 5; 228 NW2d 222 (1975).

Although the board did not overelaborate, we were sufficiently enlightened about the reasons for reducing the suspension to one year that we were able to exercise our final review function. The opinion was also not so bereft of explanation as to provide no "guidance to future hearing panels and to the board itself when confronting similar or analogous factual situations". *State Bar Grievance Administrator v Williams, supra,* 15.

Finally, the administrator challenges the standard of review employed by the board. The administrator contends that abuse of discretion should be the appropriate standard and that the consequence of the existing standard is exemplified by the instant case where the board substituted its judgment for that of the panel.

While not inconsistent with the powers granted in GCR 1963, 967.4, an abuse of discretion standard would operate to prevent the board from

effectively carrying out its overview function of continuity and consistency in discipline imposed. *State Bar Grievance Administrator v Williams, supra,* p 15. Hearing panels meet infrequently and are exposed to a relatively small number of discipline situations. The board suffers from no such disadvantage.

We hold that the board acted properly in this case. The board found imposition of a two-year suspension too severe in light of the misconduct proved. It exercised its overview function and reduced the length of the suspension. Our review of the whole record convinces us the action of the board was principled and reasoned. We therefore affirm the board's reduction of respondent's suspension to one year.

## V

The order of discipline of Oakland County Hearing Panel No. 7, as modified by the Attorney Discipline Board, is affirmed.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, RYAN, and BLAIR MOODY, JR., JJ., concurred with FITZGERALD, J.