MR. JUSTICE KELLEY
delivered the opinion of the Court.
This is a public censure of attorney respondent, David B. Emmert, growing out of a conviction on June 28, 1974, in the United States District Court for the District of Colorado for violations of 26 United States Code 7203. The offenses consisted of the'failure to file personal income tax returns for the years 1968, 1969 and 1970, which are classified as *151 misdemeanors under the United States Code.
A complaint was filed with the Grievance Committee of this court alleging the convictions; the attorney respondent answered admitting the allegations of the complaint and that his conduct should be the subject of disciplinary action. Respondent alleged his conduct had not affected the affairs of his clients and that he had been punished by a period of probation following a jail sentence and suspension from practice as a certified public accountant for a period of three years. Other adversities have been visited upon respondent as the result of the underlying cause of his failure to file his income tax returns — financial irresponsibility and extravagance.
The Grievance Committee felt that a private censure would suffice because of precedent, the fact that respondent timely filed partnership returns with the Internal Revenue Service from which the amount of tax due the government could have been computed and the further fact that there was no evidence of any violation of a client’s trust, but rather that the convictions related to respondent’s private affairs. The Committee further reported that it felt that under the circumstances a private censure and the federal sentence were adequate punishment.
However, it is appropriate in the judgment of the court that respondent be admonished in open court. Respondent is reminded that Canon 1 of the Code of Professional Responsibility enjoins a lawyer to assist in maintaining the integrity and competence of the legal profession. Integrity requires personal adherence to both the letter and the spirit of the law. The code further reminds him that a lawyer should not engage in conduct that is prejudicial to the administration of justice nor conduct that adversely reflects on his fitness to practice law. DR 1-102. Respondent has violated these ethical standards in failing to obey the federal income tax law, and he is hereby publicly censured.
Costs in the amount of $48.04 have been incurred by the Grievance Committee in these proceedings. It is ordered that respondent pay the costs to the Clerk of the Supreme Court within 60 days.