No. 27926

**The People of the State of Colorado v. F. James Voss**

(587 P.2d 787)

Decided November 27, 1978.

J. D. MacFarlane, Attorney General, David W. Robbins, Deputy, Edward G. Donovan, Solicitor General, Frederick Y. Yu, Assistant, for The People of the State of Colorado.

Leonard E. Davies, for attorney respondent.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

The respondent entered a plea of guilty in the United States District Court for the District of Colorado to a charge of failure to file his federal income tax return for 1969, a misdemeanor. He was sentenced to imprisonment for one year, all but the first sixty days of which was suspended. The respondent was placed on probation for a period of eighteen months following the execution of the sentence. The sixty-day confinement period was spent on a work release program, and the respondent has successfully completed the probationary period.

The disciplinary complaint further charged the respondent with failure to file or the late filing of Colorado Income Tax Returns for the years 1966, 1967, 1968, 1969, 1970, 1971 and 1972.

The Grievance Committee found that the 1966 and 1967 Colorado Income Tax Returns were filed in the month of January 1977. Respondent contended that he was "under the impression" that the said returns for the two stated years were timely filed but did not definitely state that such was the fact, and the records of the Colorado Department of Revenue do not reveal any such filing.

The Committee further found that the 1969 and 1970 Colorado Income Tax Returns were filed in the month of April 1977 and that the 1971 and 1972 Colorado Income Tax Returns were filed in April 1975.

The respondent admitted by his answer that his residency and income were such in each of the years in question that he was required by the statutes of the State of Colorado to file Colorado Income Tax Returns.

The respondent, by way of explanation, claimed that the delay in filing the 1969, 1970 and 1971 Colorado Income Tax Returns was due, in part, to the fact that the returns for those years were under consideration by the Internal Revenue Service and that it was not unusual to delay filing of the said returns until the questions with the Internal Revenue Service had been resolved.

The respondent testified in his own behalf. He admitted that procrastination was his only excuse for not timely filing his returns.

The Committee, in its findings, observed that it was significant that there was no evidence of any attempt to bring the Colorado income tax filings to a current basis until after the State Department of Revenue sent a communication to him on or about February 10, 1976. It further found that the seriousness of failing to file or late filings had been or should have been known to the respondent by reason of the contact made by the Internal Revenue Service to the respondent in the year 1972 and the filing of the criminal information in the United States District Court against the respondent on or about September 3, 1975.

On the basis of the foregoing facts, the Grievance Committee found that the conduct of the respondent violated the criminal laws of this state and of the United States, which in turn is a violation of C.R.C.P. 241(B)(3), and that his conduct violated the highest standards of honesty, justice and morality contrary to the provisions of C.R.C.P. 241 (B)(4). In mitigation, the Committee noted that the respondent's misconduct related solely to his personal affairs and that it had no adverse effect on his clients.

On two prior occasions, the respondent has been privately censured, and in each instance he was advised that in the event of subsequent transgressions his record would be considered in determining the imposition of sanctions.

In view of the respondent's entire record, the Grievance Committee recommended as punishment that the respondent be suspended from the practice of the law for a definite period and that he pay the costs of these proceedings.

It is, therefore, ordered that respondent be suspended from the practice of the law for a period of sixty days from the date of this opinion and that he pay the costs of these proceedings in the amount of $398.46 within the period of suspension.

MR. JUSTICE ERICKSON does not participate.