**562**

PEOPLE of the State of Colorado,
Complainant,

v.

David EMMERT, Attorney-Respondent.

No. 80SA254.

Supreme Court of Colorado.

May 26, 1981.

Linda Donnelly, Disciplinary Prosecutor, Philip A. Harley, Disciplinary Prosecutor, Denver, for complainant.

David Emmert, Greeley, pro se.

HODGES, Chief Justice.

David Emmert, attorney-respondent, is suspended from the practice of law for six months for neglecting to perform several legal tasks for which he was retained and paid by clients. The respondent was admitted to the practice of law in Colorado on September 11, 1957.

The complaint before the grievance committee of this court alleges that two persons, who wished to incorporate their livery business, retained the respondent to accomplish this, including preparation of articles of incorporation and bylaws, filing the necessary documents with the secretary of state, and making an election for the corporation to be taxed as a "Sub-Chapter S Corporation."

The two clients each owned one-half of the business and each would therefore own 50% of the corporation's stock. With reference thereto, the respondent also contracted to prepare a buy-sell agreement for execution by the clients. The complaint alleges that although respondent agreed to perform these services for his clients, he failed to do so.

The respondent did not file an answer to the complaint. At a prehearing conference, he admitted the factual matters alleged in the complaint, and stipulated as to the authenticity and admissibility of several exhibits, including a letter from one of the clients requesting a status report on the work to be done, and a letter dated later demanding that respondent complete the matters he was hired to accomplish, and to rectify problems being caused by his delays.

During this period, one of the clients died, and approximately one year after the respondent was retained, the other client discovered that respondent had not performed any of the work. As a result, several adverse tax consequences were experienced by the clients; they were exposed to unnecessary personal liability; and more complex problems were encountered in handling the estate of the deceased client. The respondent has conceded that he had no excuse for his neglect in failing to perform his professional responsibilities in this case.

The grievance committee, after hearing, found that the facts as related were established by clear and convincing evidence, and

concluded that respondent violated Rule 241(B)(4) of the Rules of Civil Procedure in that his conduct was contrary to the highest standards of honesty, justice and morality required of all lawyers. He was found to be guilty of neglect in failing to perform legal services for which he contracted, and in failing to handle legal matters entrusted to him. We agree with these findings and conclusions and hold that such conduct by an attorney is inexcusable and will not be tolerated by this court.

Disciplinary records of this court reveal that in 1973 the respondent received a letter of admonition for neglect in handling a client matter, and later, he was publicly censured in connection with his conviction of a misdemeanor in the United States District Court for failure to file personal income tax returns for three years. *People v. Emmert*, 191 Colo. 150, 550 P.2d 861 (1976).

Because of prior discipline and the facts involved in this case, the grievance committee recommends that the respondent be suspended from the practice of law. We approve and adopt this recommendation. An attorney who has neglected professional responsibilities as established in this case must be suspended as a clear demonstration that such conduct will not be tolerated.

This respondent is suspended from the practice of law for a period of six months from this date, and it is further ordered that he pay the sum of $690.31 as the costs of these grievance proceedings to the Clerk of the Supreme Court within thirty (30) days.