The **PEOPLE** of the State of Colorado, Complainant,

v.

Sheldon S. **EMESON**, Attorney-Respondent.

No. 81SA451.

Supreme Court of Colorado, En Banc.

Dec. 21, 1981.

---

Philip A. Harley, Deputy Disciplinary Prosecutor, Denver, for complainant.

Martin Zerobnick, Denver, for attorney-respondent.

ERICKSON, Justice.

This disciplinary proceeding resulted from the respondent's plea of guilty to the charge of failure to file or make a federal income tax return for the year 1973. 26 U.S.C. § 7203. At the conclusion of disciplinary proceedings, the Supreme Court Grievance Committee recommended that the respondent be suspended from the practice of law in Colorado for six months commencing August 1, 1981, and that the costs of the disciplinary proceedings be assessed against him. We approve the findings and conclusions of the Grievance Committee and order that the respondent be suspended from the practice of law until February 2, 1982, and that costs incurred in the amount of $95.91 shall be paid by the respondent prior to that time.

Respondent was admitted as a member of the bar of the Supreme Court of Colorado on September 10, 1951. He has practiced law since that time and has served as a member of the Public Defender's staff. He has also served as District Attorney for the Fifteenth Judicial District of Colorado from 1973 to 1976. The income tax charges against the respondent and the penalties and interest assessed against him are all tied to the time period when the respondent was the District Attorney for the Fifteenth Judicial District.

On April 14, 1980, the respondent was charged in an information in the United States District Court for the District of Colorado with failure to file a federal income tax return for the calendar year 1973. 26 U.S.C. § 7203. He entered a plea of guilty and was sentenced to serve six months of confinement in a federal jail-type institution and fined $1,000. Thereaft-

er, he was confined in a federal institution in Arizona from February 1981 to July 1981. He is presently serving three years on probation. In addition, he informed the Grievance Committee that he is obligated to pay federal income tax arrearages and penalties which exceed $35,000.

After the respondent pled guilty, he was suspended by this Court on April 23, 1981 pending the outcome of disciplinary proceedings. The disciplinary hearing was held on August 12, 1981 on charges that the respondent violated Rule 241(B)(3) and DR 1–102(A)(4) and (6) of the Code of Professional Responsibility by failing to file a federal income tax return in 1973, and for his failure to report and pay taxes on taxable income of $27,180.12. At the hearing, he acknowledged his failure to file federal income tax returns for the years 1973, 1974, 1975, and 1976. However, the formal complaint only charged that the respondent had not made or filed a federal income tax return for the year 1973, and we cannot constitutionally consider his failure to file income tax returns for the years 1974, 1975, and 1976. *In Re Ruffalo*, 390 U.S. 544, 88 S.Ct. 1222, 20 L.Ed.2d 117 (1968), clearly states that the consideration of charges not made in the formal complaint constitutes a violation of the respondent's rights to procedural due process of law. Since the formal complaint was limited to the failure to file and pay income taxes for the year 1973, we cannot consider the respondent's failure to file and pay income taxes for 1974, 1975, and 1976, without violating the respondent's right to procedural due process of law. In view of the commands of *In Re Ruffalo, supra*, we restrict our review to the failure of the respondent to file and pay income taxes for the year 1973.

The respondent, as a district attorney, is charged with the enforcement of the criminal laws and is subject to severe sanctions when he disregards his oath and violates the criminal laws of the United States. His oath of office as a district attorney requires him to uphold, maintain, and enforce the

law. *See People v. Unruh*, Colo., 621 P.2d 948 (1980).

 Respondent has been suspended since April 23, 1981. He has served six months in jail and has incurred substantial financial liability to the federal government. The respondent has also openly acknowledged his crimes and his violations of the Code of Professional Responsibility. His conduct violated the laws of the United States, and is contrary to the standards of honesty imposed on lawyers. Rule 241(B)(3), (4). The respondent's misconduct in this case also constitutes a violation of DR 1–102(A)(3), (4), (6). In our view, willful and knowing failure to make a federal income tax return is an offense involving moral turpitude. *In Re Douglas C. MacLeod*, 479 S.W.2d 443 (Mo.1972); *In Re Richard P. Lambert*, 47 Ill.2d 223, 265 N.E.2d 101 (1970). *See* Annot., *Federal Income Tax Conviction as Involving Moral Turpitude Warranting Disciplinary Action Against Attorney*, 63 A.L.R.3d 476.

The respondent was issued a letter of admonition in 1980, but has no previous disciplinary record. His acknowledgment of guilt provides some basis for lenity. He has served a jail sentence and is obligated to pay income tax penalties and interest which will constitute a substantial hardship. But for the fact that the sanctions must be limited to his failure to file a federal income tax return in 1973, more severe punishment would be required.

Therefore, we accept the recommendation of the Grievance Committee for suspension until February 1, 1982, and for payment of costs. *Compare, People v. Fischer*, 132 Colo. 131, 287 P.2d 973 (1955) with *People v. Voss*, 196 Colo. 485, 587 P.2d 787 (1978) and *People v. Emmert*, 191 Colo. 150, 550 P.2d 861 (1976). *See also In the Matter of Clark*, 613 P.2d 1218 (Wyo.1980).

Accordingly, the respondent, Sheldon S. Emeson, is suspended from the practice of law until February 1, 1982, and is ordered to pay the costs incurred in this proceeding in the amount of $95.91 to the Clerk of the Supreme Court on or before February 1, 1982.