The PEOPLE of the State of
Colorado, Complainant,

v.

David B. EMMERT, Respondent.

No. 82SA547.

Supreme Court of Colorado,
En Banc.

July 11, 1983.

Linda Donnelly, Disciplinary Prosecutor, Denver, for complainant.

David B. Emmert, pro se.

ROVIRA, Justice.

This is a disciplinary proceeding against the attorney-respondent, David B. Emmert. The formal complaint filed with the Supreme Court Grievance Committee alleged that the respondent accepted a case for the complaining witness, received a retainer fee, then abandoned the case for more than four years. The Grievance Committee recommended that respondent be suspended from the practice of law for a period of one year and one day. We agree.

In November 1976, John D. Hiett conferred with respondent concerning his desire to obtain title to property he believed was his, but which had been awarded to his wife in a Decree of Dissolution. Hiett paid respondent a retainer of $50. A few weeks later, respondent wrote to the wife's attorney, enclosed a quitclaim deed to the property, and requested that the wife sign it. Counsel for the wife advised respondent that she would not relinquish her interest in the property unless she received $650.

Respondent wrote Hiett advising him of the demand and the expense of court proceedings if no settlement were reached, and requesting instructions. Hiett telephoned respondent and told him he would not pay his former wife for the quitclaim deed and asked respondent to proceed in court. Respondent agreed to proceed as his client had requested.

In December 1976, respondent sent Hiett a Motion to Set Aside Default, asked him to sign it, notified Hiett that attorney's fees of $295.25 had been incurred, and urged consideration of the wife's offer or of a counter offer. He also requested an additional retainer fee of $250.

In January 1977, Hiett signed and returned the motion to respondent, who acknowledged receipt and told Hiett he would file the motion upon payment of the additional retainer fee. In March 1977, Hiett and respondent talked by telephone. As a result, Hiett sent respondent $100 and agreed to pay the balance at the end of the case regardless of outcome.

Subsequently, Hiett telephoned the respondent on at least seventeen occasions, between September 1978 and February 1981, to learn of the progress of the case. Although he did not talk with the respondent on every occasion, when he did, the respondent always promised to proceed.

The last telephone call was on February 11, 1981. At that time, respondent advised Hiett to give up his attempt to recover the property, told Hiett he had no chance of success, and offered to refund fees previously paid. Hiett refused this advice, asserting that he still wanted the property. Respondent never filed the motion and did not advise Hiett he had failed to do so.

An informal complaint was filed by Hiett with the Grievance Committee in April 1981, and a copy was mailed to respondent. Respondent failed to respond. In June 1981, investigative counsel for the Grievance Committee sent a letter to respondent advising him that an investigation of the complaint would be undertaken and respondent's failure to cooperate with the Grievance Committee could result in discipline. Respondent made no reply. Subsequently, respondent agreed to meet with investigative counsel but failed to keep his appointment.

A formal complaint was filed charging respondent with violation of C.R.C.P. 241.6; DR 1–102(A)(1), (4) and (6); DR 6–101(A)(3); DR 7–101(A)(2) and (3); and DR 9–102. Respondent filed an Answer denying fault on his part and claimed that Hiett had abandoned his case by failing to pay reasonable attorney fees.

Having considered the evidence, the Hearing Board made findings and concluded that the allegations of the formal complaint had been proved by clear and convincing evidence. Without quoting the findings and conclusions, the Board determined the issues against the respondent as follows:

(1) Respondent agreed to represent Hiett, and he did not tell Hiett in March 1977 that he would not continue to represent him unless an additional fee was paid;

(2) Respondent continued to assure Hiett that he would proceed and did not advise his client to obtain other counsel;

(3) While representing to Hiett that he would pursue his claim in court, he did nothing;

(4) Respondent, by his inaction, denied Hiett's right to assert his claim and prejudiced his client's chances of regaining his property.

The Hearing Board concluded that respondent's failure to act and failure to discuss the consequences of inaction with his client constituted a violation of DR 7–101(A)(3) (prejudice or damage to a client during the course of the professional relationship). It further concluded that respondent's failure to respond to the informal complaint and cooperate with the Grievance Committee was a violation of C.R.C.P. 241.-6(7) (failure to respond to a request by the Grievance Committee without good cause shown).

The Hearing Board recommended that respondent be suspended from the practice of law for one year and one day, and be reinstated only after demonstrating his fitness to practice law. In arriving at this recommendation, the Hearing Board considered that the respondent had received a letter of admonition in 1973; a public censure, *People v. Emmert*, 191 Colo. 150, 550 P.2d 861 (1976); and a six-month suspension, *People v. Emmert*, 632 P.2d 562 (Colo.1981).

Our review of the record leads us to conclude that the findings and conclusions concerning respondent's unprofessional conduct are supported by clear and convincing evidence. There is no doubt that the respondent neglected to perform legal services for which he contracted and in the process caused harm to his client. The public has every right to expect that a lawyer demonstrating professional misconduct by a lack of concern for his client's interests should be disciplined.

The respondent is ordered suspended from the practice of law in Colorado for a period of one year and one day from this date and, as a condition of reinstatement, is required to demonstrate that he has been rehabilitated and is fit to practice law. C.R.C.P. 241.22(b).

It is further ordered that respondent shall within thirty days hereof pay to the Supreme Court Grievance Committee, 190 East 9th Avenue, Denver, Colorado 80203, the costs incurred in this proceeding in the amount of $535.24.