The PEOPLE of the State of
Colorado, Complainant,

v.

Ted L. HANSEN, Attorney–Respondent.

No. 87SA489.

Supreme Court of Colorado,
En Banc.

Feb. 8, 1988.

Linda S. Donnelly, Disciplinary Prosecutor, George S. Meyer, Deputy Disciplinary Prosecutor, Denver, for complainant.

Forrest W. Lewis, Denver, for attorney-respondent.

VOLLACK, Justice.

In this disciplinary proceeding, the disciplinary prosecutor and the attorney-respondent, Ted L. Hansen, (Hansen or respondent), entered into a Stipulation, Agreement, and Conditional Admission of Mis-

conduct. A hearing panel of the Supreme Court Grievance Committee accepted the Stipulation and the recommended suspension of sixty days. We agree with the recommendations and order the respondent suspended from the practice of law for sixty days. We also order that he pay the costs of these disciplinary proceedings.

The respondent, Ted L. Hansen, was admitted to the bar of the Supreme Court of the State of Colorado in 1974, and has practiced law as a sole practitioner continuously since that time. He concedes that this court has jurisdiction of this matter.

I.

This disciplinary action arose from the respondent's dealings with one of his clients, T.R. Griffin.[1] In early 1984, T.R. Griffin hired the respondent to represent Griffin's business, T.R. Transportation, Inc., in a collections matter. A business named Pool Crafters owed $949.20 to Griffin's business. On March 2, 1984, the respondent billed Griffin for $127.00, which Griffin paid three weeks later. Hansen advised his client that he had filed suit against Pool Crafters and had obtained a judgment for $949.20. Later, Hansen told Griffin that he had received $286.30 from Pool Crafters.

A year later, Griffin wrote a letter to the respondent reminding Hansen that Griffin had hired him to resolve the Pool Crafters matter over a year earlier, yet Griffin had not received any money.

Because of his dissatisfaction with Hansen, Griffin hired another attorney, who later became the complaining witness in this case. At that time, Griffin sent one of his employees to Hansen's office to retrieve Hansen's files on T.R. Transportation. The employee was also directed to get Hansen's trust account check on the Pool Crafters' account, made payable to T.R. Transportation. The trust account check was in the amount of $180.87, and Hansen retained $95.43 as payment of his one-third fee, even though he did not have

---

1. The matter involving Griffin was Count II of the complaint filed against Hansen. Count I of the Complaint involved the respondent's dealings with another client in an unrelated matter.

The stipulation provides for the dismissal of Count I due to lack of cooperation of the complaining witness.

a contingent fee agreement with Griffin or his company.[2]

In May 1985, Griffin's new attorney wrote a letter to Hansen, requesting an explanation for his retention of $95.43, and information about the judgment against Pool Crafters. When four months passed with no response from Hansen, Griffin's new attorney filed a request with the Supreme Court Grievance Committee for investigation of this matter.

In another four months, Hansen forwarded the $95.43 to Griffin's new attorney, admitted that he had not had a contingent fee agreement with Griffin, and explained to the attorney that he had not filed suit or obtained a judgment on behalf of T.R. Transportation.

In the Stipulation, the respondent admitted that his conduct was in violation of Colorado Supreme Court Rule 241.6 (misconduct by a lawyer constituting grounds for discipline), Code of Professional Responsibility DR1–102(A)(1) (violation of a disciplinary rule); DR1–102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation); DR2–106(A) (charge or collection of an illegal or clearly excessive fee); DR6–101(A)(3) (attorney's neglect of a legal matter entrusted to him or her); DR7–101(A)(1) (failure to seek client's lawful objectives through reasonable available means); DR7–101(A)(2) (failure to carry out a contract with a client for legal services); and DR9–102(B)(4) (failure to promptly pay or deliver funds to a client which the client is entitled to receive). Hansen agreed to a six-month suspension, and agreed to pay the costs incurred in this matter.

## II.

American Bar Association Standard 4.42 provides:

4.42 Suspension is generally appropriate when:

. . . . .

(b) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or

(c) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client.

ABA Standards for Imposing Lawyer Sanctions, Standard 4.42 (1986).

The conduct in this matter certainly establishes a "pattern of neglect" causing injury or potential injury, which generally calls for suspension. In mitigation, the respondent noted that the monetary damage suffered by his client was relatively minor. The respondent also indicated that he believed his client misunderstood statements which he made to the client regarding these legal matters.

In aggravation, the respondent stipulated to a prior disciplinary matter; he received a private censure in April 1986. ABA Standard 9.22(a). Another aggravating factor is the presence of multiple offenses. ABA Standard 9.22(d).

In the stipulation accepted by the hearing panel, the disciplinary prosecutor and the respondent agreed to a sixty-day suspension. In light of the pattern of negligent conduct by the respondent, we agree with the suspension provided for in the Stipulation. We order the respondent suspended from the practice of law for sixty days from the effective date [3] of this order. We further order the respondent to pay the costs of these proceedings in the amount of $395.98 to the Supreme Court Grievance Committee, 600 17th Street Suite 500S, Denver, Colorado 80202, within thirty days from the date of the announcement of this opinion.

---

2. We note that the amounts of $95.43 and $180.87 total $276.30 rather than the amount of $286.30 set forth in the Stipulation. The record does not establish which of these figures is in error.

3. C.R.C.P. 241.21(a) provides:

(a) **Effective Date of Order—Winding Up Affairs.** Orders imposing disbarment or suspension shall become effective thirty days after the date of entry of the order, or at such other time as the Supreme Court may order. 7A C.R.S. (1987 Supp.).