The PEOPLE of the State of Colorado, Complainant,

v.

Sheldon Solomon EMESON, Attorney–Respondent.

No. 88SA213.

Supreme Court of Colorado, En Banc.

June 19, 1989.

Linda Donnelly, Disciplinary Counsel, Denver, for complainant.

Sheldon Solomon Emeson, pro se.

KIRSHBAUM, Justice, delivered the Opinion of the Court.

The respondent, Sheldon Solomon Emeson, was admitted to the practice of law in Colorado on September 10, 1951, and since that time has been registered as an attorney with this court. Accordingly, pursuant to C.R.C.P. 241.1(b), he is subject to the jurisdiction of this court and its Grievance Committee respecting his conduct as an attorney.

On October 13, 1987, a formal complaint was filed with the Grievance committee alleging professional misconduct by the respondent. On April 19, 1988, the hearing board conducted a proceeding during which a stipulation of facts executed by the respondent and by the disciplinary counsel was admitted into evidence. The hearing board subsequently recommended that the respondent be suspended from the practice of law for one year and one day. The hearing board also recommended that prior to reinstatement the respondent be required to undergo medical and mental health examinations and to comment upon the results of such examinations.[1] An inquiry panel approved those recommendations. We conclude that the respondent should be suspended from the practice of law for a period of one year and one day.

I

The respondent represented Colorado–Denver/Warehouse–Delivery, Inc. (Warehouse) in a case filed against Warehouse in 1986 by Montgomery Ward & Company, Inc. (Ward) as the result of a dispute over a lease agreement. On August 28, 1986, after Warehouse had filed its answer, Ward mailed interrogatories and a request for production of documents to the respondent. When no response was filed within the time specified in the discovery requests, Ward filed a motion to compel discovery with the trial court. On November 3, 1986, the trial court granted the motion, ordered the filing of responses to Ward's discovery requests within ten days, and awarded Ward attor-

---

**1.** The Committee specifically recommended that the respondent be required "to furnish explanations of the significance of any results and conclusions that those mental health professionals reach as to Respondent's current circumstances and his prospective ability and fitness to practice law."

ney fees of $100. Those attorney fees had not been paid as of the date the disciplinary proceeding in this case began.

When the respondent failed to comply with the trial court's November 3, 1986, order, Ward filed a motion requesting that Warehouse's pleadings be stricken; that Ward's factual allegations be deemed admitted; and that Ward be awarded damages in the amount of $218,785.59 or, alternatively, that a default be entered against Warehouse and a hearing be held to determine damages. On December 31, 1986, the trial court entered default judgment against Warehouse in the amount of $218,-785.59.

Warehouse learned of the default judgment when its bank account was garnished in January of 1987. Warehouse promptly retained new counsel, who on January 30, 1987, filed a motion to stay execution and vacate the default judgment. The trial court entered an order staying execution of the judgment that day, and on April 14, 1987, set aside the default judgment in an order that contained a finding that the respondent's conduct had been grossly neglectful.

The parties have stipulated that the foregoing conduct of the respondent violated C.R.C.P. 241.6 concerning discipline of attorneys. The parties also have stipulated that the respondent's conduct violated DR1-102(A)(1) (violating a disciplinary rule) and DR6-101(A)(3) (neglecting a legal matter) of the Code of Professional Responsibility.

## II

■ In determining the appropriate discipline in this case, we first observe that although Warehouse suffered little if any actual damage as the result of the respondent's professional misconduct, that misconduct continued over a significant period of time. The respondent failed to respond to discovery requests and to two court orders. He also failed to inform his client that a default judgment had been entered against it. These circumstances alone warrant imposition of severe sanctions. *See*

*People v. Hodge,* 752 P.2d 533 (Colo.1988); *People v. Hansen,* 750 P.2d 365 (Colo.1988).

In addition, the respondent's prior disciplinary record must be carefully considered. In 1981, the respondent was suspended from the practice of law as the result of a conviction for failure to file a federal income tax return. He was not reinstated until February of 1982. *People v. Emeson,* 638 P.2d 293 (Colo.1981). In addition, the respondent has received three letters of admonition concerning his practice. Two of the letters resulted from the respondent's neglect of clients' legal matters. These prior sanctions for professional misconduct constitute aggravating factors supporting a more, severe sanction than might otherwise be imposed for the misconduct in this matter. *See* ABA *Standards for Imposing Lawyer Sanctions,* § 9.22(a) (1986).

In mitigation, the respondent testified that from August 1986 through January 1987 he frequently experienced fatigue as the result of stress and over-exertion, which condition prevented him from giving sufficient attention to his professional responsibilities. He also indicated that one therapist has diagnosed him as suffering from chronic alcoholism, although he does not believe he consumes excessive amounts of alcohol. Finally, the respondent suggests that imposition of a public censure or suspension from the practice of law for a period of time no longer than ninety days would constitute appropriate discipline under all the circumstances.

■ In view of the pattern of client neglect revealed by the respondent's misconduct here and in prior contexts, the respondent's disregard of court orders in this matter, and the fact that the respondent previously was suspended from the practice of law for a period of some ten months, we conclude that the respondent should be suspended from the practice of law for one year and one day. We do not, however, agree that the respondent should by this order be required to undergo medical and mental tests and submit personal evaluations of the results of such tests prior to seeking reinstatement pursuant to C.R.C.P.

241.22(c). At such time as the respondent elects to request reinstatement, he will be required to prove by clear and convincing evidence that he is fit to practice law. C.R. C.P. 241.22(b). The requirements for reinstatement are designed to protect the public from future misconduct by an attorney who has demonstrated an inability to adhere to the minimal standards of conduct embodied in the Code of Professional Responsibility. Application of these requirements to any petition for reinstatement by the respondent will provide sufficient protection for the public here.

Accordingly, we order that Sheldon Solomon Emeson be suspended from the practice of law for a period of one year and one day, effective thirty days from the date of this order, pursuant to C.R.C.P. 241.21(a). The respondent shall also pay the costs of these proceedings, in the amount of $103.16, within thirty days of the date of this opinion to the Supreme Court Grievance Committee, 600—17th Street, Suite 500–S, Denver, Colorado 80202.