### The PEOPLE of the State of Colorado, Complainant,

v.

### Ted L. HANSEN, Attorney–Respondent.

### No. 90SA483.

Supreme Court of Colorado,
En Banc.

June 17, 1991.

---

Linda Donnelly, Disciplinary Counsel, George S. Meyer, Deputy Disciplinary Counsel, Jay P.K. Kenney, Asst. Disciplinary Counsel, Denver, for complainant.

No appearance for atty.-respondent.

PER CURIAM.

In this disciplinary proceeding, the respondent, Ted L. Hansen, failed to answer a grievance complaint filed with the Supreme Court Grievance Committee, and a default was accordingly entered. A hearing board of the Grievance Committee entered findings of fact and recommended that the respondent be disbarred. A hearing panel of the Grievance Committee approved the findings and recommendations of the hearing board. We now adopt the findings of the Grievance Committee and enter an order of disbarment.

I.

The respondent was admitted to practice law in the state of Colorado on May 10, 1974, and is subject to the jurisdiction of this court and its Grievance Committee. The respondent was served with a grievance complaint on April 24, 1989, and a default for failure to respond was entered by board order on May 17, 1989. The respondent received notice on June 2, 1989, of a default hearing to be held on September 29, 1989. The respondent did not timely appear at the hearing. The board, at the hearing, accepted complainant's exhibits and arguments, and, based on the respondent's default, found the allegations of the complaint established by clear and convincing evidence.

COUNT I

On or about May 4, 1987, the respondent lodged a will and opened a probate proceeding in the Denver Probate Court on behalf of Marcella Medina, the personal representative of the Rachel Guthrie Estate. On June 1, 1987, the respondent entered into an agreement with one of his clients, Daniel Danyluk, to invest $40,000 of the Guthrie estate funds into Danyluk's corporation, Winterhawk, Inc. On September 1, 1987, the respondent executed an addendum to the agreement to loan an additional $20,000 in estate funds to Winterhawk, Inc. Medina had no knowledge of, nor did she participate in, the transaction, and there was no court approval.

An out-of-state heir of the deceased retained a Colorado attorney to make demands on the respondent to make distribution of the estate assets under the terms of the will. In May 1988, in response to such demands, the respondent sent a copy of the inventory of the estate with a check in the amount of $35,000 to the heir. When presented for payment, the check was returned for insufficient funds in the respondent's account. The Colorado attorney for the heir entered an appearance in the estate proceeding and filed motions demanding an accounting and requesting an order to prohibit disposal of estate assets. Following a hearing, the probate court ordered the respondent to pay $60,000 on December 16, 1988, to the trust account of the attorney representing the heir, and entered judgment against Medina and the respondent in the amount of $60,000. Medina, on December 12, 1988, cashed her bonds and loaned the respondent $30,000, on the respondent's representation that he would match the amount and satisfy the court order. The respondent failed to comply with the court-ordered payment of the $60,000. At a hearing in January 1989, the respondent paid the estate $30,000, but never accounted for Medina's $30,000 or the balance of $30,000 to the estate. As of the hearing date, the respondent owed $30,-

000 to the Guthrie estate and $30,000 to Medina.

The board found that the foregoing conduct of the respondent violated Rules 241.6 and 241.6(3) (any act or omission which violates the highest standards of honesty, justice, or morality) of the Supreme Court Rules concerning discipline of attorneys, and that his conduct also violated the following disciplinary rules of the Code of Professional Responsibility: DR 1–102(A)(1) (violation of a disciplinary rule); DR 1–102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 1–102(A)(5) (conduct that is prejudicial to the administration of justice); DR 5–105(B) (continued representation of clients with conflicting interests); DR 7–101(A)(3) (prejudice or damage to a client during the course of the professional relationship); and, DR 7–102(A)(5) (knowingly making a false statement of law or fact).

### COUNT II

The respondent, as the personal representative of the Charles Horvath Estate, entered into an agreement with his client, Daniel Danyluk, to loan Danyluk $65,000 from the Horvath estate funds to invest in his corporation, Winterhawk, Inc.

In August 1988, the primary beneficiary of the estate petitioned the probate court for removal of the respondent as personal representative for failure to account for estate assets. The probate court appointed a special administrator and ordered the respondent to provide a complete inventory and accounting of the estate. The respondent failed to comply with the order. The respondent entered into a stipulation with the special administrator to return the $65,-000 and cancel the agreement with Winterhawk. The respondent subsequently failed to comply with the stipulation, and no funds have been returned to the estate.

The hearing board found that the respondent violated Rules 241.6 and 241.6(3) (any act or omission which violates the highest standards of honesty, justice, or morality) of the Supreme Court Rules concerning discipline of attorneys, and that he also violated the following disciplinary rules of the Code of Professional Responsibility: DR 1–102(A)(1) (violation of a disciplinary rule); DR 1–102(A)(4) (conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 1–102(A)(5) (conduct that is prejudicial to the administration of justice); DR 5–105(B) (continued representation of clients with conflicting interests); DR 7–101(A)(3) (prejudice or damage to a client during the course of the professional relationship); and, DR 7–102(A)(5) (knowingly making a false statement of law or fact).

### II.

The hearing board recommends that the respondent be disbarred, ordered to pay the costs of the proceedings, and that he pay restitution to Marcella Medina in the amount of $30,000 plus statutory interest, the Guthrie estate in the amount of $30,000 plus statutory interest, and the Horvath estate in the amount of $65,000 plus statutory interest, within one year.

Under the American Bar Association's *Standards for Imposing Lawyer Sanctions* (1986), in the absence of aggravating or mitigating factors, "[d]isbarment is generally appropriate when a lawyer knowingly converts client's property and causes injury or potential injury to a client." Standard 4.11. Further, "[d]isbarment is generally appropriate when a lawyer knowingly deceives a client with the intent to benefit the lawyer or another, and causes serious injury or potentially serious injury to a client." Standard 4.61.

The hearing board found aggravating factors of (1) prior disciplinary offenses, Standard 9.22(a); (2) dishonest or selfish motive, Standard 9.22(b); (3) multiple offenses, Standard 9.22(d); and (4) substantial experience in the practice of law, Standard 9.22(i). The hearing board found no mitigating factors. The respondent's history of discipline reflects that he was privately censured in April 1986 for neglecting a legal matter entrusted to him. In February 1988, the respondent was suspended from the practice of law for sixty days for engaging in conduct involving dishonesty, fraud, deceit or misrepresentation, and for

 

neglect of a legal matter entrusted to him. *People v. Hansen*, 750 P.2d 365 (Colo.1988).

We conclude that the respondent's misconduct warrants nothing less than disbarment, and we accept the recommendation of the hearing panel.

### III.

It is hereby ordered that Ted L. Hansen be disbarred and that his name be stricken from the list of attorneys authorized to practice law before this court, effective immediately upon issuance of this opinion.[1] It is ordered that, prior to any readmission, the respondent pay restitution (1) to Marcella Medina, in the amount of $30,000 plus statutory interest from December 12, 1988, until paid; (2) to the Guthrie estate, in the amount of $30,000 plus statutory interest from June 1, 1987, until paid; and (3) to the Horvath estate, in the amount of $65,000 plus statutory interest from March 1, 1988, until paid. It is further ordered that the respondent pay the costs of these proceedings in the amount of $644.66, within ninety days after the announcement of the opinion, to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 500–S, Dominion Plaza, Denver, Colorado 80202.

1. Respondent is under suspension pending the

outcome of these proceedings.